Krebs v. Pascagoula Street Railway & Power Co.

[78 South. 753, Division A.]

1. STREET RAILROADS. *Collision with automobile. Presumption of negligence.*

Where in a suit against a street railroad company for damages to an automobile by collision with one of its cars, the evidence clearly showed that the employees on the street car did everything possible to prevent the accident, in such case the *prima facie* presumption of negligence on the part of the street railroaᴅ as provided under Code 1906, section 1985 (Hemingway's Code, 1645) as amended by Laws 1912, chapter 215, has no application, and a peremptory instruction for the defendant should have been given.

2. NEGLIGENCE. *Comparative negligence. Application. Statute.*

Laws 1910, chapter 135 (Hemingway's Code, sections 502-503), providing that contributory negligence shall not bar a recovery applies only to personal injuries and not to damage to property.

APPEAL from the circuit court of Jackson county.

HON. JAMES H. NEVILLE, Judge.

Suit by T. H. Krebs against the Pascagoula Street Railway & Power Company. From a judgment for defendant, plaintiff appeals.

T. H. Krebs, appellant here, plaintiff below, filed this suit in the circuit court of Jackson county against the Pascagoula Street Railway & Power Company, appellee here, defendant below, seeking to recover damages for injuries to a Saxon automobile received in a collision between the automobile and appellee's street car. From a verdict and judgment in the lower court in favor of the appellee, the appellant appeals to this court.

The town of Moss Point and Pascagoula are connected by a highway known as the Telephone Road. These two towns are also connected by appellee's interurban electric street car line. At a certain point

between these two towns this highway and this street car line cross at one and the same grade. On the day of this occurrence the appellant allowed one R. A. Smith the use of his automobile for making the trip from Moss Point to Pascagoula. Smith's route to Pascagoula lay along this highway. When the automobile approached to within about fifty feet of this grade crossing, Smith, who was driving the automobile, saw one of the appellee's electric street cars also approaching the crossing and then about seventy-five feet from the same. Smith made no determined effort to stop the automobile, which was then running at the rate of between fifteen and twenty miles per hour, but attempted to beat the street car to the crossing, and to cross ahead of it. When the motorman in charge of the street car first saw the automobile, he applied the brakes and did all he could to bring his car to a stop, but without avail. The car and automobile collided at the crossing, and as a result of this collision the automobile was damaged. Neither the exact speed at which the street car was going as it approached the crossing, nor its distance from the crossing, when the automobile was first seen by the motorman, is shown. It was shown, however, that the street car was going fast, and that the distance was short. Chapter 135, Laws 1910 (Hemingway's Code, sections 502, 503), is as follows:

"In all actions hereafter brought for personal injuries or where such injuries have resulted in death, the fact that the person injured may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured.

"Sec. 2. All questions of negligence and contributory negligence shall be for the jury to determine."

*Heidelburg & Denny,* for appellant.

On page 5 of counsel for appellee's brief, in the first paragraph of the argument, he cites the contributory negligence Act of 1910, and says that it has no application in this case. This is chapter 105, of the Laws of 1910, and section 1 of said act really bears out the statement of counsel for appellee. Section 2 thereof says that: ''All questions of negligence, or contributory negligence shall be for the jury to determine.''

Furthermore, we would call the court's attention to chapter 215 of the Laws of 1912, in which we find these words: ''In all actions against railroad corporations and all other corporations, companies, partnerships or individuals, using engines, locomotives and cars of any kinds or other appliances propelled by the dangerous agencies of steam, electricity, gas, gasoline or lever power, and running on tracks, for damages done to persons or property, proof of the injury inflicted by running the engines or locomotives or cars, etc., shall be *prima-facie* evidence of the want of skill and care of such other corporation or partnership in reference to such injury.''

Now, this statute clearly fixes the matter insofar as our state is concerned, and we submit that the two statutes make the same plain, and leave the *status* of this case as we contend in the original brief. The court should have left the same, to wit: That it should have been given to the jury to have been passed upon.

In the case cited by counsel for appellee for the *Alabama & Vicksburg Railroad Company* v. *Thornhill,* we find these words, 106 Miss., page 387: ''Ordinarily where there was any injury so the result of its negligence depends upon the inference to be drawn from the facts and circumstances under which it was inflicted this statute relieves the party from proving

the facts and circumstances by proving the injury it shall be *prima-facie* evidence of negligence. In other words, by proving that the inference, or presumption of negligence must be drawn from the mere infliction of injury.

Since this presumption is a *prima-facie* one it must yield, as do all such presumptions, to the proof, that is to the inference of negligence *vel . non* proper to be drawn from the facts and circumstances under which the injury was inflicted.

A presumption created only for the purpose of supplying *prima-facie* an inference that might be drawn from the fact, were that fact known, disappears and cannot be resorted to when the fact becomes known, and thereafter such inferences can be drawn only in the event the fact warrants it.''

Counsel for appellee cited numerous decisions and authorities claiming to sustain his contention, but we submit that after an examination, and upon the facts in this record, that this case should be reversed and sent back for submission to a jury. There is an irreconcilable conflict in the testimony, and under the law and facts, we submit that we are entitled to a reversal, and have the case submitted to a jury.

*White & Ford,* for appellee.

It will be noted at the outset that the contributory negligence statute of 1910, has no application to this case. This suit is for recovery of damages alleged to have been sustained by an automobile and no personal injury is involved in it. Chapter 135 of the Laws of 1910, section 1, applies only to actions for personal injuries, or where injuries have resulted in death in those classes of cases, of course contributory negligence is not a defense. Undoubtedly, however, contributory negligence is still a defense in Mississippi in actions to recover damages where property only is

involved. The question in this case, therefore, is whether the negligence of appellee caused the collision, or the contributory negligence of R. E. Smith caused it, and not whether both parties were guilty of negligence which contributed to the accident.

The case of appellant is not assisted by the provision of section 1985 of the Code of 1906, the *prima-facie* statute. As was said by Chief Justice SMITH in the case of *A. & V. Railroad Company* v. *Thornhill,* 63, So. 674, when the facts and circumstances under which the injury was inflicted have been ascertained, the presumption of negligence created by statute disappears, and the defendant's negligence, *vel non,* must then be determined alone from the facts and circumstances.''

Then again later in the same opinion: "When the facts and circumstances are in evidence, and there is no dispute relative thereto, and it appears that only one reasonable inference can be drawn therefrom, a verdict may be directed for either the plaintiff or the defendant as the case might be."

As we have endeavored to point out, there was no conflict in the testimony as to the vital and determined facts in the case, and we submit therefore that the peremptory instruction was proper.

Clearly Smith was guilty of extraordinary negligence in undertaking to pass in front of the car which he saw approaching and also in running to the crossing at such a rapid rate of speed, and failing to make an effort to stop before getting to the crossing. This position is supported by the authorities of Mississippi, and also those of other states. *Khoury et al* v. *La. Western Railroad Co.,* 72 So. 998; *Loftin* v. *L. R. & N. R. Co.,* 64 So. 972; *Cook* v. *L. N. & W. Co.,* 58 So. p. 767; *Tatum* v. *Rock Island Co.,* 50 So. 796; *Maye* v. *T. & P. Co.,* 49 So. 272; *Sutton* v. *Lee Logging Co.,* 46 So. p. 642. See, also, the Mississippi case of

*Jackson* v. *Railroad Company,* 42 So. p. 336, 89, Miss. 32.

It may have been negligence of the railroad company not to have blown the whistle or rung the bell, but their failure to do this did not excuse Jackson from the exercise of ordinary care for himself." *Pugh et al.* v. *I. C. R. R. Co.,* 23 So. 356. See, also, section 1168, 3 Elliott on Railroads, where it is said: "Where an attempt to cross in front of an approaching train is voluntarily made upon a nice calculation of chances the person making the attempt will be regarded as negligent if he undertakes to proceed upon the assumption that he has correctly calculated the chances of crossing in safety and is thereby injured."

The authorities on this principle might be multiplied, but we think this is sufficient.

We submit therefore that he was not entitled to recover, and this case should be affirmed.

HOLDEN, J., delivered the opinion of the court.

The testimony introduced in the lower court in this case did not substantially tend to show that the appellee street railway company was guilty of negligence in colliding with appellant's automobile; and as the facts were shown by testimony explaining how the injury occurred, our *prima-facie* negligence statute (section 1985, Code 1906, as amended by chapter 215, Laws 1912; section 1645, Hemingway's Code) was put out of the case, and there was no question of fact as to negligence *vel non* to be submitted to the jury.

Moreover, the record discloses that the evidence in the case shows conclusively that the operator of the automobile was guilty of contributory negligence in colliding with the street car, which bars a recovery for damages on account of injuries to the automobile. There was no claim for damages on account of personal injuries, and our concurrent negligence statute (chapter

135, Laws 1910; sections 502, 503, Hemingway's Code) allows a recovery for personal injuries only, and does not authorize damages for injury to property. Therefore the lower court was quite correct in granting the peremptory instruction to find for the appellee street railway company.

*Affirmed.*