## BRAHAN *v.* MERIDIAN LIGHT & RY. Co.

[83 South. 467, In Banc. No. 20836.]

1. HUSBAND AND WIFE. *Husband entitled to recover for loss of consortium of injured wife.*

    The husband may recover for such injuries as result in loss to him inflicted upon his wife even where the statutes allow the wife to recover for injuries to herself in her own name as our statute does.

2. SAME.

    The statute allowing a wife to sue for injuries in her own name was not intended to displace the husband as the head of the family nor affect his domestic rights, to the domestic services which the wife renders or would render but for her injuries, nor prevent him from recovering damages *per quod consortium amisit.*

3. NEGLIGENCE. *Comparative negligence statute applies to action by husband for wife's personal injuries.*

    Hemingway's Code, section 502, Laws 1910, chapter 135, providing that contributory negligence shall not bar but limit recovery, applies to a suit by a husband for injury to his wife; the term "personal injuries" in such statute being used merely to distinguish between injuries to person and injuries to property.

4. MUNICIPAL CORPORATIONS. *Not negligence to cross in middle of block.*

    Where there is no municipal ordinance prohibiting it, it is not negligent to cross a street in the middle of a block in the residence section of a city.

APPEAL from the circuit court of Lauderdale county.

HON. R. W. HEIDELBERG, Judge.

Suit by F. V Brahan against the Meridian Light & Railway Company. From a judgment granting only a part of the relief demand, plaintiff appeals, and defendant cross-appeals.

The facts are fully stated in the opinion of the court.

*Thomas G. Fewell* and *F. Brahan,* for appellant.

Appellant's wife was painfully, seriously and permanently injured by falling upon defendant's Gas Pipe on Twenty-fifth Avenue in the city of Meridian. A former suit brought by Mrs. Brahan was before this court, decision "A," at a former term and was affirmed on direct and cross-appeal. The present suit was brought by the husband for expenses incurred and for damages.

"*Per quod consortum amisit.*" At the conclusion of the evidence the trial court held that appellant could not recover for any damages except the expenses incurred, excluding any and other damages. The jury found a verdict for the appellant in the sum of two hundred and twenty-five dollars on which judgment was entered.

From the judgment and ruling of the court denying appellant the right to recover, other damages, this appeal is taken.

Argument. The only point now involved is whether or not the Mississippi constitution and laws emancipating married women abrogates the common-law right of action given a husband for injury of his wife. The trial court held that his rights were abrogated following

the case of *Mari* v. *Stamford Street Ry, Co.* (Conn.), 33 L. R. A. (N. S.) 1042.

In presenting this purely legal question I ask the pardon of the court for quoting the note and authorities cited under the above case *in extenso.*

It strikes me that the note in question so fully answers and repudiates the doctrine of the Connecticut case of *Mari* v. *Stamford* upon which the learned trial court based its decision until nothing more may be said except perhaps to cite the later authorities.

It will be noted that this case followed the decision of *Feneff* v. *New York, etc., Co.,* 24 L. R. A. (N. S.) 1024, a Massachusetts case, in which the wife sued for injuries to her husband, and that is practically the only decision upon which the case of *Mari* v. *Stamford St. Ry.,* is based.

The Connecticut case stands with Massachusetts and Michigan with the great weight of authority to the contrary of their holdings. It is not disputed in the case at bar and it could not be a point of dispute, but that at common law the rights of action in the husband for injury to his wife is clear.

There, therefore, remains this only point. Does Mississippi, by its constitution provision and statute, abrogate or distroy the common-law rule?

"Right as affected by statute." Modern legislation which has so greatly affected the status of married women by recognizing their right to a separate existence, entitling them to the ownership of their property, giving them ability to contract, power to control their earnings, and endowing them with the capacity to sue or be sued has not according to the great weight of authority, although *Mari* v. *Stamford St. R. Co.,* is to the contrary, abridged in anywise the common-law right of a husband to the coupanionship, love, and service of his wife which is comprehended by the term

"consortium" and its attendant right to sue there-
for in the event of its loss through some personal
injury to her.

Indeed it has been said the positive and explicit
legislation is necessary in order to deprive the hus-
band of his right to sue for the loss of the society of
his wife. *Omaha & R. Valley R. Co.* v. *Chollette,* 41
Neb. 578. 59 N. W 921; *Mewhirter* v. *Hatten,* 42
Iowa, 288, 20 Am. Rep. 618.

In *Omaha & R. Valley R. Co.* v. *Chollette, supra,*
where the husband brought an action to recover for
the loss. among other items, of his wife's society, etc.,
through a personal injury to her, the trial judge re-
stricted the jury to a consideration of the extent to
which her injuries had incapacitated her from "per-
forming" all the duties of a wife that reasonably de-
volved upon her in the marriage relation" and it
was held that to this extent the husband could recover,
notwithstanding the Married Women's Act.

As said in *Mewhirter* v. *Hatten, supra,* on a precisely
similar question; "We feel very clear that the legisla-
ture did not intend by this section of the statute to
release and discharge the wife from her common-law
and scriptural obligation and duty to be a "help-
meet" to her husband. If such a constitution were
to be placed upon the statute, then the wife would have
a right of action against the husband for any domestic
services or assistance rendered by her as wife. For
her assistance in the care, nurture, and training of his
children, she could bring her action for compensation.
She would be under no obligation to superintend or
look after any of the affairs of the household unless
her husband paid her wages for so doing. Certainly,
such consequences were not intended by the legislature,
and we cannot so hold in the absence of positive and
explicit legislation."

Likewise, in *Birmingham Southern R. Co.* v. *Linteer,* 141 Ala. 420, 109 Am. St. Rep. 40, 38 So. 363, 3 A. & E. Ann. Cas, 461, where the statute provided "that the earnings of the wife are her separate property but she is not entitled to compensation for services rendered to or for the husband, or to or for the family," it was said: "While the scope or purpose of this enactment manifestly is to vest in the wife her earnings in services rendered to third persons, strangers to the household. It in no degree emancipates her from her household duties, nor authorizes her to enter upon such alien services as would conflict with and prevent the performance of her duties incident to the domestic establishment, the care, comfort and convenience of the family; the duties in short, which, before the statute, she owed to the husband as the husband and head of the family. These duties she owes now just as she did at the common law; and while the husband may allow her to pretermit them and engage wholly or to any less extent in outside services, the earnings of which belong to her, without such emancipation by the husband, she owes these services to him now as before, and for any wrongful act of a stranger which deprives him of them, he is entitled to recover for the consequent loss and injury."

Thus it has been specially held that the husband's right at common law to recover for loss of his right to the society of his wife is not affected by statutory provisions to the effect that a married man may receive, use, and possess her earnings and sue for the same in her own name, free from the interference of her husband or her creditors. *Blair* v. *Bloomington & N. R. Electric & Heating Co.,* 100 Ill. App. 400; *Chicago & M. Electric R. Co.* v. *Keempel,* 116 Ill App. 253. That "the earnings of the wife are her own separate property; but she is not entitled to compensation for services rendered to or for her husband, or to or for

the family." *Birmingham Southern R. Co.* v. *Crowder,*
135 Ala. 417, 33 So. 335.

That the earnings of any married woman from her
trade, business, labor, or services shall be here sole
and separate property, and may be used and invested
by her in her own name." *Omaha & R. Valley R.
Co.* v. *Chelete,* 41 Fed. 578, 59 N. W. 921; *Riley* v.
*Lidtke,* 49 Neb, 139, 69 N. W. 356; *London* v. *Cunning-
ham,* 1 Misc. 408, 20 N. Y. Supp. 882.

That the "wife may receive the wages of her per-
sonal labor, and maintain an action therefor in her
own name, and hold the same in her own right."
*Mewhirter* v. *Hatten,* 42 Iowa, 388, 20 Am. Rep. 618;
*McKinney* v. *Western State Co.,* 4 Iowa, 420.

That the wife is given the right to her earnings from
future "separate labor." *Kirpatrick* v. *Metropolitan
Street R. Co.,* 129 Mo. App. 524, 107 S. W. 1025;
*Partello* v. *Missouri, P. R. Co.,* 141 Mo. App. 162, S.
W. 473.

That "every married woman shall have the same
right and remedies, and shall be subject to the same
liabilities, in relation to property held by her in her own
right, as if she were unmarried; and may make con-
tracts, and sue and be sued, in all matters in law
and equity, and upon any contract by her made, or
for any wrong by her done, as if she were unmarried.
*Booth* v. *Manchester Street R. Co.,* 73 N. H. 529,

That "neither husband nor wife has any interest in
the property of the other" except "dower in real
estate." *Baltimore & O. R. Co.* v. *Glenn,* 66 Ohio
St. 395, 64 N. E. 438.

The established law in Pennsylvania, notwithstanding
any statutory provisions entitling the wife to her
earnings, or giving her control over her property, is
to the effect that the husband is still entitled to com-
pensation for the loss of her aid, assistance, comfort,
and society, caused by negligence of others. *Reagan*

.v. *Harlan*, 24 Pa. Super. Ct. 27, citing *Plantz* v. *McKearn Twp.*, 178 Pa. 601, 36 Atl. 136; *Kelly* v. *Mayberry Twp.*, 154 Pa. 440, 26 Atl. 595; *Henry* v. *Koppfer*, 147 Pa. 178, 23 Atl. 337, 338, in which latter cases no reference was made to any statutes. And in *Hewit* v. *Pennsylvania R. Co.*, 228 Pa. 397, 77 Atl. 623, and *McMeekin* v. *Pittsburg R. Co.*, 229 Pa. 572, 79 Atl. 133, this right of the husband is held to be established without any mention of any statute.

So, in Massachusetts, although the husband's control over the person or property of his wife has been reduced to a minimum if it has not entirely disappeared (*Nolin* v. *Perason*, 191 Mass. 283, 4 L. R. A. (N. S.) 643, 114 Am. St. Rep. 605, 77 N. E. 890, 6 A. & E. Ann. Cas. 6658), he still retains the unmodified right to her conjugal society and may recover damages for injuries to her person through the wrongs of others. *Duffee* v. *Boston Elev. R. Co.*, 191 Mass. 563, 77 N. E. 1035; *Sullivan* v. *Lowell & D. Street R. Co.*, 162 Mass. 536, 39 N. E. 185; *Kelly* v. *New York, N. H. & H. R. Co*, 168 Mass. 308, 38 L. R. A. 631, 60 Am. St. Rep. 397, 43 N. E. 1063, wherein it said: notwithstanding the progress of legislation in giving to married women the control of their time and actions, this right of the husband is not destroyed. The unity and identity of interest which, by the common law, existed between husband and wife, have been impaired. They are not, however, entirely done away with. The husband's right to compel his wife to work for him is abridged, but he still has a right to her society and obligations towards each other in sickness and health from that which other people have, or which she is at liberty to give them. By marriage, both husband and wife take upon themselves certain duties and obligations towards each other in sickness and health, which it cannot be supposed that the legislature had intended wholly to uproot. A married woman

may now perform any labor or services on her sole and separate account as her husband may; neverthelesɜ each owes certain duties to the other which are not annulled by the statutes. *Mewhirter* v. *Hatten,* 42 Iowa 288, 20 Ame. Rep. 618. These duties are included in the word "consortium."

Now, however, since the decision in *Bolger* v. *Boston Elev. R. Co.,* 205 Mass. 420, 91 N. E. 389, it may be seriously questioned whether the law upon this point in the commonwealth of Massachusetts remains as stated in the preceding cases. The case of *Bolger* v. *Boston Elev. R. Co., supra,* is not directly within the scope of the present note, since the action was brought by the husband to recover for the loss of his wife's consortium, etc., where death ensued. and belongs to the note to *Sherlag* v. *Kelly,* 19 L. R. A. (N. S.) 633. However, the court decided in that case that the husband could recover only for the expense he was put to in his endeavor to cure the wife and straightway followed *Feneff* v. *New York, C. & H. R. R. Co.,* 24 L. R. A. (N. S.) 1024, wherein it was held that a wife cannot recover for loss of consortium, against a stranger, for negligently injuring her husband physically and mentally, so that his companionship is less satisfactory and valuable than before the injury, where he has a right to recover full compensation in his own name. Nor did the court stop there. It went further, and said: "We do not see why the case of *Feneff* v. *New York G. & H. R., supra,* is not decisive of this case. No valid distinction can be drawn between the husband's right to recover for the loss of his wife's cosortium, in cases growing out of the negligence of a third party, and the wife's right to recover for loss of the husband's consortium in like cases; neither can it make any difference that, in the case of the wife, the loss of consortium is or may be the sole ground of recovery, and in the case of the

husband it is or may be one of several grounds of recovery."

That the husband has a separate right of action to recover damages for the loss of services and consortium of his wife occasioned by her injury is the settled law of this and other jurisdictions. *Blair* v. *Bloomington & N. R. Electric & Heating Co.,* 103 Ill. App. 400.

Where the husband and wife join in an action to recover for personal injuries to the latter, it has been held that, under the Iowa statute (Rev. Stat. 1860, sec. 2771) the husband may join a claim in his own name and recover for the loss of his wife's society. *McDonald* v. *Chicago & N. W. R. Co.,* 26 Iowa, 124, 96 Am. Dec. 114. This holding it will be observed, is contrary to the rule as established under the common law.

So, in *Casewell* v. *North Jersey Street R. Co.,* 69 N. J. L. 226, 54 Atl. 565, it was held that the husband and wife may sue together for personal injuries received by the latter, and in the action he may recover, among other items, compensation for the deprivation of the society of his wife.

To the cases referred to in the note just quoted should be added the recent case of: *Little Rock Gas. Co.* v. *Coppedge,* (Ark.), 1915, 172 S. W. 885, a very interesting and persuasive case, citing 23 Am. Cas. 1125 & note; Am, Cases 1912B, 1125.

The rule is stated fully in 13 Ruling Case Law. 1411, et seq; as follows: 462. Effect of Modern Statutes. —According to the great weight of authority statutes giving to a married woman the right to her earnings in her separate trade, or business or to use in her own name for personal injuries to her, do not deprive the husband of his right to recover for the loss resulting from her inability to render the ordinary household domectic services and his deprivation of her society

and its comforts. The reason for this is that while such statutes may abridge a husband's right to compel his wife to work for him he still has a right to her society and assistance different in character and degree from that which other people have or which she is at liberty to give them and the husband may still recover compensation for the wrongful injury to such rights. So it has been held that the modern statute enlarging the property rights of a married woman and authorizing her to sue for injuries to her person and property do not prevent a husband from maintaining an action against a third person who trespasses on the home premises, though title thereto is in the wife and grossly insults her by attempting to seduce her and in such an action both actual and exemplary damages are recoverable by the husband. Citing: *Bame* v. *Clar* (N. C.), 19 L. R. A. (N. S.) 1033. The court will note that the only two cases cited under the above text as being *contra* are the Connecticut cases and a case from Michigan.

I earnestly submit to the court that the conclusion and rulings of the trial court are and were in conflict with the great weight of authority and cannot stand. Appellant therefore prays that inasmuch as three trials have resulted in verdicts necessarily carring the question of negligence that this court should reverse this case for assessment of damages to plaintiff *per quot consortium amisit* only.

*Wilbourn & Baskin,* for appellees.

Legal Point—Plaintiff not Entitled to Recover *for loss of service and association.* We submit that appellant is not entitled under the law to recover for any loss of service and any loss of association of his wife under the facts of this case, where she has survived her injuries and sued for and recovered in her name for all of them.

Constitutional and Statutory Provisions of *Mississippi as to Married Women*. Under the constitution and statutes of Mississippi the husband and wife have now exactly the same status. Each is a separate entity. The wife can do anything with her property that the husband can do with his. Each has exactly the same vote on the conveyance of the homestead by the other. Sections 2159 and 2161, Code 1906. Each has the same homestead and personal exemption. Sections 2139, 2140, 3141, 2146, 2147, 2148, 2149, 2157, 2158, 2160, Code 1906.

Each may sue the other; Code 1906, section 2158. Dower and curtesy are both abolished, section 2519, Code 1906. The husband is liable to the wife for her income used by him; section 2520, Code 1906.

The same restrictions as to contracts between them apply to both; section 2521, Code 1906. The same restrictions as to conveyances between them apply to both; section 2522, Code 1906.

Section 2517, Code 1906, reads as follows: "Married women are fully emancipated from all disability on account of coverture; and the common law as to disabilities of married women and its effect on the rights of property of the wife, is totally abrogated, and marriage shall not impose any disability or incapacity on a woman as to the ownership, acquisition or disposition of property of any sort, or as to her capacity to make contracts, and to do all acts in reference to property which she could lawfully do if she were not married; but every woman now married, or hereafter to be married, shall have the same capacity to acquire, hold, manage, control, use, enjoy and dispose of all property, real and personal, in possession or expectancy and to make any contract in reference to it, and to bind herself personally, and to sue and be sued with all the rights and liabilities and incident thereto, as if she were not married."

Section 94 of our constitution reads as follows: "The legislature shall never create by law any distinction between the rights of men and women to acquire, own, enjoy and dispose of property of all kinds, or their power to contract in reference thereto. Married women are hereby fully emancipated from all disability on account of coverture. But this shall not prevent the legislature from regulating contracts between husband and wife; nor shall the legislature be prevented from regulating the sale of homesteads."

No case involving the question involved here has ever been before the supreme court of Mississippi, so far as we can find. Indeed we can find no case in our reports involving a suit by a husband for a negligent injury to his wife not resulting fatally.

Authorities examined and cited. The case of *Mani* v. *Stamford,* 79 Atl. 582, 33 L. R. A. (N. S.) 1042, from the supreme court of Connecticut is directly in point, and we submit was correctly followed by the lower court. This opinion should be read in the light of and in connection with the case of *Feneff* v. *New York, C. & H. R. R. Co.,* 203 Mass. 278, 24 L. R. A. (N. S.) 1024, 133 Am. St. Rep. 291, 89 N. E. 436.

In this latter case it was held the wife had no suit for loss of consortium where a husband was injured by no intentional wrong such as this. See, also, *Brown* v. *Kulleman,* 40 L. R. A. 236; also a case reported in 63 N. Y. S. 459.

Applying the reasoning of these cases to the facts of the case at bar, in the light of the present constitution and statutes of Mississippi, we submit that the husband and wife are under one law separate entities, and that each is exactly on the same basis, and that neither has any right that the other has not, and that if the wife may not recover against a third person, such damages for an injury of such nature to the husband, then the husband may not recover for such

injuries to the wife. The husband is not more entitled to the wife's services than she is to his, that is, their rights are now mutual and exactly of the same nature. She can have a full recovery in her own case as could the husband in his. The reason for any rule giving the husband any right of recovery for services has passed away in Mississippi.

As to the effect of the statutes emancipating married women on the right of the huband to maintain a suit for loss of services and association, we submit that *Marri* v. *Stamford, supra,* deals with statutes like those of Mississippi, which make the wife a separate entity.

The supreme court of Massachusetts in the case of *Bolger* v. *Boston Elevated R. R. Co.,* 205 Mass. 420, 91 N. E. 389, followed *Feneff* v. *N. Y. C. & H. R. R. Co.,* 24 L. R. A. (N. S.) 1024, *supra,* saying: "We do not see why the cause of *Feneff* v. *N. Y. C. & H. R. Co., supra,* is not decisive of the case. No valid distinction can be drawn between the husband's right to recover for the loss of his wife's consortium in cases growing out of the negligence of a third party, and the wife's right to recover for loss of the husband's consortium in like cases. Neither can it make any difference that, in the case of the wife, the loss of consortium is or may be the sole ground of recovery, and in the case of husband it is or may be one of several grounds of recovery.

To the same effect is the later case of *Whitcomb* v. *Ry.,* 102 N. E. 663, the note of *Marri* v. *Stamford, supra,* which appellant's counsel cite, mentions numerous decisions under the statutes different from ours. We will endeavor to show that these decisions are under statutes unlike ours in that they do not entirely remove the disabilities of married women, as has been done in Mississippi. For instance, the Alabama statutes do not abolish either dower or curtesy, and do not

remove entirely the disabilities of coverture. See Chapter 60, Code of Alabama 1896—sections 2520 to 2537.

With reference to the cases cited in the note relied on by counsel from the State of Illinois, beg to say that the Revised Statutes of Illinois 1906, chapter 69, deals with the subject of husband and wife. The statutes of Illinois do not appear to emancipate the wife as fully as she is emancipated in the state of Mississippi. In other words, Illinois statutes do not make the wife a separate entity to the same extent and as fully as the statutes of Mississippi, and it does not appear that dower and curtesy have been abolished in Illinois. See section 21, chapter 68, Code 1906 of Illinois.

Furthermore, there is a limitation upon the right of the wife to contract in Illinois to this effect that she may not carry on a partnership business without the consent of her husband.

The statutes of Iowa, section 2202 to 2219 on the subject of husband and wife are not as broad as the statute of Mississippi in emancipating the wife, as a mere comparison of the statutes will show.

As to the cases cited from the Missouri courts, we direct the court's attention to chapter 51 of the Revised Code of Missouri, 1906, beginning with sections 4327 to 4341. See especially section 4330, which gives a married woman the right to her separate earnings only in the event the husband fails to provide for her support.

See section 4333 with reference to the compensation for damages to married women's real estate, providing for investment thereof under order of court.

Section 4335 reads as follows: ''A married woman shall be deemed a *femme sole* so far as to enable her to carry on and transact business of her own account. To contract and be contracted with, to sue and be sued,

and to enforce and have enforced against her property such damages as may be rendered for or against her, and may sue and be sued at law or in equity, with or without her husband being joined as a party; providing a married woman may invoke all exemption and homestead laws now in force for the protection of personal and .real property owned by the head of a family except in such cases where the husband has claimed such exemption and homestead rights, for the protection of his own property.''

See, also, section 4339, which has been held not to deprive the husband of the right to the possession of his wife's realty nor to be restrained from reducing her personalty to possession. The statutes of Missouri clearly indicate that there has been only a partial emancipation of married women in that state.

Under the statutes of Pennsylvania, Act of June 3, 1887, women were given control over their property to only a limited extent. For instance, she has no power to convey or mortgage her real estate unless her husband joins in such mortgage or conveyance. She is prohibited from being an accommodation endorser or grantor for another.

We refer the court to the statutes in force in the other states from which decisions are cited in said note, without more particular discussion of them, except to submit generally that we believe the court will find that said statutes do not fully emancipate women as do the constitution and statutes of Mississippi.

We will list the case cited in the note and refer to the statutes under which it was decided, and in those cases where we have had opportunity to read the cases themselves, point out the distinguishing features of the cases. *Omaha & R. Valley Co.* v. *Chollette* (1886-1894), 59 N. W. 921; Nebraska, Statute Married Woman's Act; Neb. Comp. Stats. 1885. ch. 53, p. 423; ch. 72, pp. 464-5-6; ch. 53, p. 506. The wife is not fully

emancipated and the precise question here involved was not considered by the court. *Blair* v. *Bloom & N. R. E. & H. Co.,* 130 Ill. App. —; *Chicago & M. Elec. Ry. Co.* v. *Krempel,* 116 Ill. App. 253; Illinois: *Blair case, supra,* defendant plead the former suit of the wife in bar and case turned on whether or not Statutes, ch. 68; Rev Statutes Illinois, 1906. In which the husband was precluded where wife had a separate calling, and did not involve the point in case at bar.

In the *Krempel case, supra,* 116 Ill. App. 253, there was a judgment by default and the effect of statutes was not considered. Missouri: *Kirkpatrick* v. *Met. Ry. Co.,* 107 S. W. 1025; January 8, 1904, to February 1, 1908, Rev. Stats. Mo. 1899, ch. 51; Anno. Stat. Mo. 1906, ch. 51.

The above case did not involve the point here considered. Iowa: *McKinney* v. *Western State Co.,* 4 Iowa, 420; Statutes, Code 1851, ch. 84, Title 17, pg. 218. In this case wife had to join husband in suit, and there was an arbitration and the case involved the award and the court simply said rule of common law not changed by statute. *Ohio: Blatamore & Ohio* v. *Glenn,* 64 N. E. 38, June 10, 1902. The opinion in above case shows clearly no such statutes as ours. Statutes, sections 3108 to 3117; 2 Bates Anno. Statutes. (4th Ed.), (1787-1904), pgs. 1776 to 1782 inclusive. Pennsylvania: *Henry* v. *Kloper,* 23 Atl. 337 (1890-1892); Statutes, 3 Purdon's Digest, (13th Ed.), (1700-1903), page 2446, section 34 to page 2463, section 71, inc. This case does not consider the point involved in the instant case. *Hewitt* v. *Penn. R. R. Co.,* 77 Atl. 623. (1910); Statutes, Purdon Sipp (1905-1915), page 6588, section 11 to page 6590, section 25, inclusive. This was a joint suit by husband and wife, where no question but extent of damages was involved, and no consideration of the point at issue here. *McMeeken* v. *Pittsburg R. R. Co.,* 79 Atl. 133 (1908-11), Statutes; same as above.

This case is wholly inapplicable. It did not involve any question like the one in the case at bar. New Jersey: *Caswell* v. *North Jersey St. Ry. Co.*, 54 Atl. 565 (1901-3), Comp. Stats. N. H. (1709-1910), pages 3223 to 3238, inclusive. This case was a joint suit by husband and wife. There was no point as to right to recovery. Case simply turned on adequacy of verdict. Georgia: *Lewis* v. *Georgia*, 77 Ga. 576, (1886); Georgia Code 1882, articles 2 and 3, ch. 1, pages 402 to 414, inclusive; Sec. 11, page 1302, Const. Ga., Code 1882; *Georgia R. & Banking Co.* v. *Tice*, 52 S. E. 916 (1905); Georgia Laws 1865-66, title 26, Act 1866, page 226; Code 1882, Ga. sec. 3067; Georgia Code 1911, articles 2 and 3, pages 795-799, inclusive.

The question in the case at bar is not involved in the foregoing cases from Georgia. Illinois: *Chicago, B. & I. R. R. Co.* v. *Dunn*, 52 Ill. 260 (1867-9); Act 1861, page 143. This case simply involved question as to effect on wife's suit of a settlement made by husband after joint suit brought. Case discussed agency of husband. Indiana: *Citizens St. Ry. Co.* v. *Twinume*, 23 N. E. 159 (1890); 7 L. R. A. 352, ch. 71, pages 1106 to 1110, inclusive, Revised Statutes 1881. This case does not involve the point at issue. The husband's right in that case to recover was conceded. It was simply insisted that she could not recover for services which she gave him as a clerk. New York: *Tyler* v. *N. Y. Central R. R. Co.*, 48 N. Y. 47 (1872); Laws 1860, chapter 90; Laws 1862, chapter 172. This case has no application, we submit. Pennsylvania: *Standin* v. *Penn. R. R. Co.*, 63 Atl. 467 (1906); Act June 8, 1895, No. 284, pages 344-5; Act May 8, 1895, No. 35, pages 54-5; Act June 3, 1887, No. 224, pages 332-3.

This case was decided under an act that required a joint suit and under peculiar statutes, different from ours, and precise question in case at bar not discussed. North Carolina: *Brame* v. *Clark*, 19 L. R. A.

(N. S.) 1033 (1907-08); Revisal of 1905 of No. Car. Vol. 1, ch. 51, pages 639 to 646, inclusive; Art. 10, section 6, Constitution Laws, N. C. Session 1891; See chapter 51, of Code of North Carolina.

These statutes are not like ours, and the case cited did not involve a suit for loss of services claimed to result from negligent injuries to the wife's person. By sections 2093 and 2094, the wife cannot convey property or contract without.

In the case of *Gas Company* v. *Coppage,* 172 S. W. 885, relied on by appellant, the question is not reasoned out by the court, and there is nothing to indicate such full emancipation of women as exists in Mississippi.

As to the citation from 13 R. C. L., section 462, title husband & wife, we submit that we have shown that numbers of cases cited in the note are not in point or inapplicable, or were decided under different statutes from those of Mississippi or the court had not reasoned out the question fully and carefully. In this connection, we call attention to 13 R. C. L., page 1414, title Husband and Wife, section 462.

Even where the husband is entitled to recover in action *per quod consortium amisit,* it is further held that he cannot recover for loss or impairment of his wife's society and companionship and solace; that there are sentimental intangible injuries which the law cannot measure, and injury to which is entirely too remote.

This is the rule in Mississippi in suit by father for the death of a child. *M. & O. R. R. Co.* v. *Watly,* 69 Miss. 145.

In *Hawkins* v. *Front Street Cable Co.,* 16 L. R. A. 808, where there was a joint suit and the law of community property prevailed, the court said: "In this case, the complaint seems to have been based upon the idea that he could also recover for the society, companionship, and solace of his wife, but we do not understand these to be recoverable injuries. As matter of

fact, unless death ensues the husband is not deprived of either, although his enjoyment of them may be lessened by the knowledge of his wife's suffering. They are of those sentimental, intangible, injuries which the law cannot measure, even in case of death, they are not elements of damage. 2 Thomp. Neg., p. 1289; *Howard County Comrs.* v. *Legg*, 93 Ind. 523.

We submit that the lower court decided in accord with the better reasoned and true rule, and that this case should be affirmed on direct appeal.

Ethridge, J., delivered the opinion of the court.

F. V. Brahan, the appellant, filed suit in the circuit court against the Meridian Light & Railway Company for damages to him resulting from a personal injury inflicted upon his wife caused by her falling upon an exposed pipe of the appellee alleged to be negligently put in and maintained at a street in the city of Meridian. The defendant pleaded the general issue and gave notice under the general issue that it would prove that the plaintiff was barred of recovery by the contributory negligence of appellant's wife. Mrs. Brahan, the wife of the appellant, has heretofore filed suit for personal injuries to herself against the appellee and the city of Meridian and recovered judgment on said suit, which case was affirmed by division A of this court in 78 So. 712. The proof showed that Mrs. Brahan, the wife of appellant, had crossed a street between her residence and that of a neighbor named Pappenheimer on some mission and started to return home and was walking down a terrace or descent between the sidewalk and the main portion of the street, and her foothold slipped and, falling, fell astride the gas pipe connecting the Pappenheimer residence with the gas main of the company, which said gas pipe was exposed and was so placed as to be several inches above

the surface of the street level of the intersection of the
street proper.    The fall caused the fracture of bones,
which occasioned Mrs. Brahan being confined in the
hospital for some weeks and thereafter, in her home
for some three or four months, it being necessary to
have her attended by a nurse and treated by a physician,
during which time she was unable to perform her
household and domestic duties, and during which time
it was necessary for Mr. Brahan to expend moneys.
He brought this suit for the amount so expended and
for damages *per quod consortium amisit.*

The trial judge excluded the evidence of damage for
consortium and limited the plaintiff to the recovery
of moneys actually expended, and this action of the
trial court is assigned for error by the appellant.    The
appellee prosecutes a cross-appeal and assigns for
error:    First, that the court erred in overruling the
motion by the cross-appellant at the conclusion of the
testimony to exclude the evidence offered by the plain-
tiff, and direct the jury to return a verdict for the
defendant; second, that the court erred in refusing
to grant the cross-appellant a peremptory instruction
asked by the cross-appellant and refused by the court;
third, that the court erred in refusing to grant the
cross-appellant the instructions asked by it and refused
by the court as found on pages 134, 135, 136, 137, 138,
139, 140, 141, 142, and 143 of the record.    We will notice
the assignment of errors by the appellant first.

The trial court's ruling in excluding from the jury
the right to find damages for consortium and domestic
services was predicated upon the theory that section
2051, Hemingway's Code, abolishing the disabilities of
coverture, destroyed the plaintiff's right of action for
consortium.    This section reads as follows:

"Married women are fully emancipated from all dis-
ability on account of coverture; and the common law
as to the disabilities of married women and its effect

on the rights of property of the wife, is totally abrogated, and marriage shall not impose any disability or incapacity on a woman as to the ownership, acquisition or disposition of property of any sort, or as to her capacity to make contracts and do all acts in reference to property which she could lawfully do if she were not married; but every woman now married, or hereafter to be married, shall have the same capacity to acquire, hold, manage, control, use, enjoy, and dispose of all property, real and personal, in possession or expectancy, and to make any contract in reference to it, and to bind herself personally, and to sue and be sued, with all the rights and liabilities incident thereto, as if she were not married."

In *Vernor* v. *Vernor,* 62 Miss. 260, which was a suit for alimony, Chief Judge CAMPBELL, speaking for this court, said: "Whatever the origin and foundation of the practice of the courts to make such allowance to the wife, it is not affected by the Code of 1880, which was not designed to supersede or abridge the equitable rights of married women, except as it may expressly provide."

It will be noted from the section above quoted that the wife is empowered by the section to acquire and dispose of property, to sue and be sued, and to make contracts, and do all acts in reference to property which she could lawfully do if she were not married, and to bind herself personally as if she were not married.

It is shown in proof in the case at bar that appellant's wife was at the time of the injury, and prior thereto, performing household and domestic services for her husband, and that her injury incapacitated her from performing those duties during several months, and plaintiff's proof tends to show that she was permanently injured.

The appellee relies upon the case of *Marri* v.`*Stamford St. Railroad Co.*, 84 Conn. 9, 78 Atl. 582, 33 L. R. A. (N. S.), 1042, Ann. Cas. 1912B, 1120, in which the supreme court of Connecticut, in construing the statute of that state similar to the one before us, held that a man cannot recover for the loss of the personal services of his wife, formerly embraced by the term "consortium," through injuries negligently inflicted upon her by another where the statutes have conferred upon her a legal entity of her own and relieved her of the obligation to perform services which she formerly owed to him. Appellee also relies upon the case of *Feneff* v. *N. Y. C. & H. R. R. Co.*, 203 Mass. 278, 89 N. E. 436, 24 L. R. A. (N. S. 1042, 133 Am. St. Rep. 291, a Massachusetts case, in which the wife sued for injuries to her husband.

In a note to the case of *Marri* v. *Stamford St. R. R. Co., supra,* the editor of this series collects the authorities, and at page 1046, 33 L. R. A. (N. S.), under heading, "Right as Affected by Statute," says:

"Modern legislation which has so greatly affected the *status* of married women by recognizing their right to a separate existence, entitling them to the ownership of their property, giving them ability to contract, power to control their earnings, and endowing them with the capacity to sue and be sued, has not, according to the great weight of authority, although *Marri* v. *Stamford St. R. R. Co.*, is to the contrary, abridged in any wise the common-law right of a husband to the companionship, love, and service of his wife which is comprehended by the term 'consortium,' and his attendant right to sue therefor in the event of its loss through some personal injury to her"—citing *Omaha & R. Valley R. Co.* v. *Chollette*, 41 Neb. 578, 59 N. W. 921; *Mewhirter* v. *Hatten*, 42 Iowa, 288, 20 Am. Rep., 618; *Birmingham Southern R. Co.* v. *Lintner*, 141 Ala. 420, 38 So. 363, 109 Am. St. Rep. 40, 3 Ann. Cas. 461;

*Blair* v. *Bloomington & N. R. Electric & Heating Co.*, 130 Ill. App. 400; *Chicago & M. Electric Co.* v. *Krempel*, 116 Ill. App. 253; *Kirkpatrick* v. *Metropolitan Street R. Co.*, 129 Mo. App. 524, 107 S. W. 1025; *Partello* v. *Missouri P. R. Co.*, 141 Mo. App. 162, 107 S. W. 473; *Booth* v. *Manchester Street R. Co.*, 73 N. H. 529, 63 Atl. 578.

In the case of *Wyandotte* v. *Agan*, 37 Kan. 528, 15 Pac. 529, it was held that, under the provisions of the act respecting the rights of married women, the earnings of a married woman from her own business, and from her labor or services performed on her sole and separate account, belong exclusively to her, and an injury which prevents her from carrying on her separate business, or disables her from performing such labor or service, accrues to her alone, but that the services rendered by her in the household in discharging the ordinary duties of a wife belong to her husband and the loss of such services occasioned by an injury to her is his loss, and for which he only can recover.

In the case of *Brooks* v. *Schwerin*, 54 N. Y. 343, the New York court held that under chapter 90, Laws of 1860, concerning the rights and liabilities of husband and wife, as modified by chapter 172, Laws of 1862, which authorizes a married woman to perform any labor or service on her separate account, and gives her her earnings therefor, and empowers her to bring an action in her own name for injuries to her person, it was held that the services of a wife in her household still belong to her husband, and so far as an injury to her disables her from performing such services the loss is his, and he, not she, can recover therefor.

We think it is clear from the authorities that the husband may recover for such injuries as result in loss to him inflicted upon his wife even where the statutes allow the wife to recover for injuries to herself in her own name, as our statute does. Construing our

statutes on husbands and wife as a whole, we are satisfied that the plaintiff was entitled to recover for consortium and that the court below erred in excluding from the jury this element of damages. We do not think the statute was intended to displace the husband as the head of the family, nor affect his rights to the domestic services which the wife renders, or would render but for her injuries.

We pass now to consideration of the assignment of error on cross-appeal. The cross-appellant contends that the contributory negligence statute (section 502, Hemingway's Code; chapter 135, Laws of 1910) does not apply to a suit by the husband for an injury to the wife, but only applies in case the wife is suing for her own injuries. Section 502, Hemingway's Code, reads as follows:

"In all actions hereafter brought for personal injuries or where such injuries have resulted in death, the fact that the person injured may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured."

It will be noted that the language here is very broad using the term "in all actions," etc., for personal injuries that the contributory negligence shall not bar recovery. We think the term "personal injuries" used in this statute cannot be so limited as to support cross-appellant's contention but that this word has a well-defined meaning which distinguishes these injuries from injuries to property.

The case of *Mulvey* v. *Boston*, 197 Mass. 178, 83 N. E. 402, 14 Ann. Cas. 349, is in point here. The question there involved was where a statute of limitations for personal injuries barred a husband's right of action for injuries to the person of his wife was embraced in the statute. The court said:

"The injury to the plaintiff's wife, on which his action is founded, was an injury to her person. The first question to be determined is whether the husband's action is for an injury to the person within the meaning of the statute. The language of the statute is not restricted to actions for injuries to the person of the plaintiff, and we think it is broad enough to include all actions of tort founded on injuries to the person of any one in such relations to the plaintiff that the injury causes him damage. There is nothing in the context to indicate that the words are used in a narrow sense, or that the actions referred to are only those brought by the person receiving the physical impact. The word 'for' is used in its ordinary signification of 'on account of,' 'because or by means of,' or 'growing out of' "—citing *Strong* v. *Sun Mutual Ins. Co.,* 31 N. Y. 103, 88 Am. Dec. 242; *State* v. *Cornell,* 54 Neb. 647, 655, 75 N. W. 25; *Maxson* v. *Delaware, etc., R. Co.,* 112 N. Y. 559, 20 N. E. 544; *Hutcherson* v. *Durden,* 113 Ga. 987, 39 S. E. 495, 54 L. R. A. 811; *Bennett* v. *Bennett,* 116 N. Y. 584, 587, 23 N. E. 17, 6 L. R. A. 553; *Williams* v. *Williams,* 20 Colo. 51, 37 Pac. 614; *Wightman* v. *Devere,* 33 Wis. 570; *New* v. *Southern R. Co.,* 116 Ga. 147, 42 S. E. 391, 59 L. R. A. 115.

Many of the cases cited in the opinion quoted from are applicable here.

This court in the case of *Krebs* v. *Pascagoula St. Ry. & Power Co.,* 117 Miss. 771, 78 So. 753, holds the statute not applicable to injuries to property, and we think drew the distinction between injuries to the person and injuries to property.

The evident purpose of this statute was to impose liability on persons whose negligence caused an injury to a person, even though such person might also be guilty of negligence, for the purpose of compelling a high degree of care so as to protect life and limb, and we see no reason to give the statute an unduly narrow

construction. We think the circuit judge ruled correctly on this point.

We do not think it was negligence for Mrs. Brahan to cross the street directly in front of her house instead of going to a street crossing and then going down the sidewalk on the other side. The street in question was in the residence section of the city, and there is no ordinance shown in the record requiring a person to cross the street at any particular point.

In 37 Cyc., pp. 13 and 14, it is said: "Ordinarily, however, the term" (highways) "is confined to public ways over land, and it is in this sense that it is employed in this article. Thus used it means a way open to all the people without distinction for passage and repassage at their pleasure."

At page 266, 37 Cyc., under heading "Right and Mode of Use—in General," it is said: "A public highway is open for use by the entire public, or any part thereof, simply for passage, in any reasonable manner, as to drive cattle, or for haulage, but not for sports or diversions. But even one using the highway unlawfully has rights against the negligence of others."

In *Brooks* v. *Schwerin*, 54 N. Y. 343, it is said: "Foot passengers and those driving in carriages have equal rights in the streets of a city, and both are required to exercise that degree of care and prudence which the circumstances of the case demand."

It was not negligence *per se* therefore for Mrs. Brahan to cross the street between street crossings. We think the evidence fails to show contributory negligence by Mrs. Brahan in the use of the street.

The assignments of error on cross-appeal in reference to instructions are not argued and, except as they fall within the points decided, not passed upon. The cause will therefore be reversed on direct appeal and affirmed on cross-appeal.

*Reversed and remanded.*