521 So.2d 878 (1988)
CHOCTAW, INC. and Jessie Lee Harrison
v.
Felix and Shirley WICHNER.
No. 58664.
Supreme Court of Mississippi.
March 2, 1988.
*879 Lester F. Sumners, Sumners, Carter, Trout & McMillin, New Albany, for appellants.
Roy O. Parker, Jr., Roy O. Parker & Associates, Tupelo, for appellees.
Before DAN M. LEE, P.J., and PRATHER and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This case comes to us via the lateral appellate process authorized by Rule 20 of the Rules of this Court. Specifically, one question has been certified to us by the United States Court of Appeals for the Fifth Circuit, 831 F.2d 67. The question is short. Likewise, our answer shall be brief.
Appellees (the Wichners) herein filed suit against appellants for personal injury suffered by Felix Wichner incurred in the course of an automobile accident. Shirley Wichner, in a separate count but in the same complaint, sought damages against Choctaw, Inc. and Jessie Lee Harrison for loss of consortium.
The case was heard before Judge Senter of the U.S. District Court for the Northern District of Mississippi, in which he awarded Felix Wichner one-half (1/2) of his damages, reducing these damages by 50% having found plaintiff contributorily negligent in that same amount. However, Judge Senter awarded Shirley Wichner her full loss of consortium claim without reduction for her husband's contributory negligence. The district court overruled defendants' motion to open judgment, made pursuant to F.R.C.P. Rule 59(a), for a new conclusion of law as to the applicability of contributory negligence to the claim of Shirley Wichner for loss of consortium. This the Court overruled. Choctaw, Inc. and Jessie Lee Harrison appealed to the Fifth Circuit Court of Appeals from that order and tendered supersedeas bond therein. That case is currently pending.
On November 23, 1987, in an order by Chief Justice Roy Noble Lee, this Court, pursuant to M.R.C.P. Rule 46, granted certification on request of the Fifth Circuit for review of the following question:
Should the award to Mrs. Shirley Wichner for loss of consortium be reduced by the properly found contributory negligence of her husband, Felix Wichner?
Our answer is, "Yes." A review of Mississippi cases reveals that the question was answered in the affirmative sixty-nine years ago in Brahan v. Meridian Light & Ry. Co., 121 Miss 269, 83 So. 467 (1919).
The certified question here is only the second time that the precise inquiry has been presented to this Court, and unfortunately, though probably necessary within the context of other opinions, this Court has used language that would imply a negative response. Tribble v. Gregory, 288 So.2d 13 (Miss. 1974). At oral argument, learned counsel for the appellee admitted with the highest professional candor that if Brahan, supra, were applicable then the answer must be in the affirmative.
Therefore, a review of Brahan is in order. Mrs. Brahan stumbled and fell astride an exposed gas pipe belonging to the appellee. She sued and recovered, and then Mr. Brahan filed his separate action for loss of consortium. The appellee contended that Mrs. Brahan's negligence contributed to her injury, pleading such negligence as a bar. This was true at common law. The trial court found that Mississippi's contributory negligence statute adopted in 1910 applied, and therefore, Mrs. Brahan's negligence was not a bar. The trial judge did dismiss the action on the ground that the statute emancipating women barred the action. There was an appeal to this Court and on such appeal we held that the woman's rights statute had no application but on appellee's cross-appeal concerning the application of the contributory negligence statute held as follows:
We pass now to a consideration of the assignment of error on cross-appeal. *880 The cross-appellant contends that the contributory negligence statute ... does not apply to a suit by the husband for an injury to the wife, but only applies in case the wife is suing for her own injuries. Section 502, Hemingway's Code, reads as follows:
In all actions hereafter brought for personal injuries or where such injuries have resulted in death [property claims were not included], the fact that the person injured may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured.
It will be noted that the language here is very broad using the term "in all actions," etc., for personal injuries that the contributory negligence shall not bar recovery. We think the term "personal injuries" used in this statute cannot be so limited as to support cross-appellant's contention, but that this word has a well-defined meaning which distinguishes these injuries from injuries to property.
* * * * * *
The evident purpose of this statute was to impose liability on persons whose negligence caused an injury to a person, even though such person might also be guilty of negligence, for the purpose of compelling a high degree of care so as to protect life and limb, and we see no reason to give the statute an unduly narrow construction. We think the circuit judge ruled correctly on this point.

The case was remanded for Mr. Brahan to litigate his claim for loss of consortium.
The appellee had argued on appeal that the consortium action was not a personal injury but a property right. The contributory negligence statute (§ 11-7-15, Miss. Code Ann. [1972]) as it appeared at that time, applied only to personal injury; thereafter, in 1920, it was amended to include property damages. Incidentally, at that time the wife had no cause of action for consortium. Section 93-3-1, Code of 1972, did not include such a right until the legislative act of 1968.
We digress at this point to point out that under the general rules of statutory construction the construction placed upon the statute by this Court, which was later readopted, in effect becomes part of the legislation.
The construction that we have placed on the ... statute has in effect been approved by the legislature. The legislature has met many times since 1855 without any enactment directed toward the ... statute and thereby has approved the construction of the legislative intent placed thereon. Thus, the decision ... has become in effect, a part of the statute. When a statute is repeatedly re-enacted in essentially the same language and by its retention in all subsequent codes, a decision of this Court interpreting the statutes becomes in effect a part of the statute. Therefore, if the statute is to be amended, it should be done by the legislature and not by judicial decision. (Citations omitted). Crosby v. Alton Ochsner Medical Foundation, 276 So.2d 661, 670 (Miss. 1973).
After Brahan supra, we have considered the consortium question on several occasions and have continuously cited Brahan as an authority that the offended spouse has a separate action, citing the same as late as 1978 in McCluskey v. Thompson, 363 So.2d 256 (Miss. 1978). To the same effect was Palmer v. Clarksdale Hospital, 213 Miss. 611, 57 So.2d 476 (1952), wherein we stated the following:
The question here presented is also discussed with clarity and sound reasoning in the opinion of the Ohio Supreme Court in the case of Kraut v. Cleveland Ry. Co., 132 Ohio St. 125, 5 N.E.2d 324, 108 A.L.R. 521 [1936], and we quote therefrom the following with approval:
* * * * * *
"Of course, the burden is on the plaintiff husband to prove that the alleged tort feasor is guilty of negligence which directly contributed to his loss and damage, and the contributory negligence of the wife would be a defense, but the issues are to be determined wholly independently of *881 any adjudication in the suit brought by the wife; in fact, the husband may bring his action whether or not the wife sues." 57 So.2d 479-80 (emphasis added).
Confusion apparently arose from Tribble v. Gregory, 288 So.2d 13 (Miss. 1974), which was the first case decided after the amendment to § 93-3-1, giving the wife the right to sue for loss of consortium, wherein the Court used language as follows: "It should be kept in mind always that the wife's recovery is for losses suffered by her ... the interest sought to be protected is personal to the wife and arises out of the marriage relationship." Interestingly, Brahan, supra, is cited with approval in Tribble. Tribble was concerned only with separating the loss of consortium claim from the husband's claim in order to prevent dual recovery. The opinion according to its own language was "necessary to define the scope and limitations of damages recoverable in an action under the statute." It did not concern contributory negligence.
The District Judge bottomed his decision on nonimputation of negligence from the husband to the wife with the statement that the wife "is not deemed negligent just because she is married to a negligent man." Of course, we have no disagreement with the statement. The trouble is that the authority on which he based his decision is not applicable here. Wright v. Standard Oil, 470 F.2d 1280 (5th Cir.1972) is cited as the authority. As we understand the decision, the case was held not to be one concerning consortium. Involved was a 5-year-old whose injuries were 2/3 caused by his father's negligence. The Fifth Circuit held that his mother's nursing services were not consortium and that she as a wife had an equal right to the loss of the child's services. The District Judge erred in assuming that imputation of negligence was the only basis for the wife's damages.
Our decisions where a wife is suing for her own damages received in accidents do not hold that her husband's negligence is imputed to her, or voce versa. We impute negligence in cases of master-servant, Capital Transport Co. v. McDuff, 319 So.2d 658 (Miss. 1975), rehearing denied, October 27, 1975; right of control situations, Woodard v. St. Louis-San Francisco Ry., 418 F.2d 1305 (5th Cir.1969); and joint adventures, McCorkle v. United Gas Pipe Line Co., 253 Miss. 169, 175 So.2d 480 (1965), Marr v. Nichols, 208 So.2d 770 (Miss. 1968). We do not impute negligence where the plaintiff has no control over the conduct of the tort feasor giving rise to the cause of action; included therein would be a small child receiving injuries.
25 A.L.R.4th 118, 121 (1982) lists the jurisdictions wherein damages are reduced in consortium actions because of the negligence of the injured spouse; we have not counted them but it appears that the vast majority of the courts hold that damages are reduced in such situations, various theories are advanced, including imputation of negligence, family member claims, reasoning that the family member can stand in no better position than the physically injured member. At least fifteen states have used the "derivative action" theory, including our neighbor Arkansas, wherein the supreme court of that state reasoned that the husband's right to such damages for his loss of consortium was derivative, and that it was only logical that since the husband's cause of action was derivative he could have no better standing in court than his wife had. Nelson v. Busby, 246 Ark. 247, 437 S.W.2d 799 (1969). Similar is the holding in New York in Maidman v. Stagg, 82 App.Div.2d 299, 441 N.Y.S.2d 711 (1981).
Back to Brahan, supra. The Court there had the option of treating the consortium claim as a property claim growing out of the marriage or as an action for personal injuries. The Court elected to treat the matter as one for personal injuries. Had the Court at that time treated it as a property damage growing out of the marriage contract, the Brahans could not have recovered because property damage would have been subject to the common law. The statute commences as follows: "In all actions hereinafter brought for personal injuries ...". In order to apply the contributory negligence statute the word *882 "for" had to be given the meaning of "on account of." We believe the better reasoning to be, as did the Arkansas court, that the action is derivative and that the contributory negligence statute applies because the consortium action lies "on account of" injuries to the other spouse. Our holding is supported by Section 494 of Restatement of Torts, 2d ed., wherein wrongful death and loss of consortium are treated as derivative actions subject to all defenses that would have been available against the injured person. Section 11-7-13, Miss. Code Ann. (1972), the wrongful death statute, expressly so provides.
We believe and now hold that the ruling in Brahan supra which applied contributory negligence to a loss of consortium action of necessity applied it to all phases of the action, therefore, the certified question is answered in the affirmative.
CERTIFIED QUESTION ANSWERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.