198 N.J. Super. 503 (1984)
487 A.2d 788
MARGARET NEELY, PLAINTIFF,
v.
JAMES R. KOSSOVE AND LEASE AMERICA, INC., ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division Bergen County.
Decided September 21, 1984.
*504 Donald J. Lenner for plaintiff.
Charles A. Rooney, Jr. for defendants (Rooney, Peduto & Rooney, attorneys).
MINUSKIN, J.S.C.
Plaintiff's husband sustained injuries in an automobile accident. His claim was settled without litigation and a release was executed and delivered. Subsequently plaintiff instituted this action for loss of consortium. Defendants now seek summary judgment dismissing plaintiff's complaint.
Defendants rely on Ekalo v. Constructive Serv. Corp. of Am., 46 N.J. 82, 96 (1965), in which the court said: "[a] wife's consortium claim may be prosecuted only if joined with the husband's action." Defendants argue that such language permits a claim for consortium to be instituted only if brought together with the injured spouse's claim.
Ekalo established in New Jersey the viability of a wife's claim for consortium in cases in which her husband was negligently injured. The Ekalo court cited the seminal case Hitaffer *505 v. Argonne Co., 183 F.2d 811 (D.C. Cir.1950), cert. den., 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624 (1950), and Simeone, "The Wife's Action for Loss of Consortium  Progress or No?", 4 St. Louis U.L.J. 424 (1957). Both authorities recognized that the wife's loss of consortium entitles her to damages and is a separate and distinct personal loss suffered by her. The court in Ekalo, supra, said: "Her loss when he suffers an accident ... is as immediate and direct as his would be if she had been the subject of the accident." Id., 46 N.J. at 90. In order to provide for "a full and complete recovery for the family," it would be "more just and more forthright for the law to recognize with equality the respective claims [of husband and wife]...." Id. at 91.
The joinder of the claim of the injured spouse with the per quod consortium claim in a single proceeding was required by Ekalo solely to "protect against the suggested danger of double recovery." Id. at 92. That prospect, i.e., the payment to the injured spouse to include the non-injured spouse's loss, is not likely in the instant case and not one deserving of consideration. A bargain for release secured by a knowledgeable insurer would not permit payment of a greater sum than the value of the claims released. Double recovery under those circumstances is non-existent.
Defendants further contend that plaintiff's claim is derivative and entirely dependent upon her husband's cause of action. Without it her claim may not be prosecuted. To conclude that because it is derivative it may not be instituted unless her husband's claim is still actionable would ignore the fact that her claim is a separate and distinct cause of action. Derivative means "come from another  owing its existence to something foregoing." Black's Law Dictionary 530 (rev. 4th ed. 1957); thus it is the husband's injury and not his cause of action that accounts for the creation of the wife's right to litigate. To succeed in her action she would still have to establish through credible evidence the liability of the tortfeasor as well as her damage loss. Her right to do so cannot be affected by the *506 injured spouse's release of his claim since her right to a recovery is separate and distinct.
There is no case law in New Jersey permitting a wife's suit for consortium to proceed without joinder with her husband's claim because of his prior settlement. However, other jurisdictions have so held. See, e.g., Deese v. Parks, 157 Ga. App. 116, 276 S.E.2d 269 (1981); Rosander v. Copco Steel & Engineering Co., 429 N.E.2d 990, 29 A.L.R.4th 1196 (Ind. App. 1982); Gillespie v. Papale, 541 F. Supp. 1042 (D.C.Mass. 1982); "Injured Party's Release of Tortfeasor as Barring Spouse's Action for Loss of Consortium," 29 A.L.R.4th 1200.
In finding a wife's agreement to indemnify no bar to the husband's subsequent cause of action, the court in Deese, supra, said:
As has been pointed out, "[w]hen a married woman is injured by the wrongful conduct of another, two different causes of action may arise: the one in her favor for her own pain and suffering, and the other in favor of the husband for the loss of his wife's services and for expenses incurred as a consequence of the injuries to her. These causes of action are separate and distinct, and in favor of different parties." [Emphasis supplied.] Georgia R. & c. Co. v. Tice, 124 Ga. 459, 461, 52 S.E. 916. See Community Gas Co. v. Williams, 87 Ga. App. 68, 83(6), 73 S.E.2d 119; Savannah & A.R. Co. v. Newsome, 90 Ga. App. 390, 395(2), 83 S.E.2d 80; Martin v. Gurley, 201 Ga. 493, 494, 39 S.E.2d 878. Thus, the two cases are separate and often separately tried. When this is true, the fact that the wife might not recover in her case would not act to bar the husband from recovering in his case or vice versa  inconsistent verdicts from different juries must be accepted. For thorough discussion of this principle, see our decision in Jordan v. Ellis, 148 Ga. App. 286, 287 et seq., 250 S.E.2d 859. 276 S.E.2d at 271.
Rosander, supra, involved a situation similar to the instant case. The court held that the husband's release was not a bar to the wife's subsequent suit for loss of consortium. The court stated:
It cannot be denied that a claim for loss of consortium is derivative in that without an injury to one spouse, the other spouse would have no action. As such, it is subject to some of the same defenses as the action from which it is derived. Arthur v. Arthur, 156 Ind. App. 405, 296 N.E.2d 912 (1973). Nevertheless, placing actions in a derivative posture does not give one party the right to waive the rights of another. Shirley was not a party to the settlement and release negotiated by Darwin, thus she is not bound by it and is free to pursue *507 her separate cause of action. See Gimbel, Administrator v. Smidth (1856), 7 Ind. 627. 429 N.E.2d at 991.
Similarly, Gillespie, supra, held that a release executed by the husband was not a bar to the wife's action for loss of consortium. The court said:
The release does not bar Mrs. Gillespie's suit for loss of consortium. Massachusetts law provides that "either spouse has a claim for loss of consortium shown to arise from personal injury of the other spouse caused by the negligence of a third person." Diaz v. Eli Lilly and Co., 364 Mass. 153, 302 N.E.2d 555, 564 (1973). While the loss of consortium claim is premised on defendants' having negligently injured the other spouse, it only seeks to redress damage to "the right to society and sexual relations" with that spouse and is a separate cause of action from that for personal injuries. Id. [Lee v. Allied Sports Assoc., Inc., 349 Mass. [544] at 560-561, 209 N.E.2d 329 [(1965)]. As a result, Mrs. Gillespie's claim for loss of consortium accrues to her alone and was not barred when Mr. Gillespie waived his claim for personal injuries caused by defendant's ordinary negligence. Gillespie, supra, 541 F. Supp. at 1046-47.
Logic dictates that the wife's action in this case is vested in her and may not be dismissed unless authorized by her. The right having been created by Ekalo can only be released by the wife who owns it. Were it otherwise, a husband who refuses to litigate for whatever reason could effectively eliminate a claim that is not possessed by him. To permit this would be contrary to the holding in Ekalo, which establishes a separate and distinct cause of action in the wife of the injured spouse.
Motion for summary judgment is denied.