**Renaye JONES, Plaintiff Below, Appellant,**

v.

**Deborah L. ELLIOTT, Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted: June 14, 1988.
Decided: Nov. 28, 1988.

Edward C. Gill, Wolhar & Gill, P.A., Georgetown, for appellant.

Mason E. Turner, Jr., Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellee.

Before CHRISTIE, C.J., and HORSEY, MOORE, WALSH and HOLLAND, JJ., constituting the Court en banc.

WALSH, Justice:

This is an appeal from a grant of summary judgment by the Superior Court barring a wife from pursuing a claim for loss of consortium arising out of injuries sustained by her husband. The Superior Court ruled that wife's claim was purely derivative of husband's personal injury action and was subsequently foreclosed by a general release executed by the husband. We disagree and hold that although a cause of action for loss of consortium requires joinder with a spouse's primary claim, the loss of consortium claim is not lost if the spouse asserting the primary claim precludes joinder by unilaterally releasing the primary claim. Accordingly, we reverse the decision of the Superior Court.

### I

Renaye Jones, ("wife") filed a complaint in the Superior Court on January 13, 1986 against appellee-defendant, Deborah Elliott ("Elliott"), alleging loss of consortium as a result of injuries sustained by her husband, Allen Jones ("husband"), in an automobile accident involving Elliott and husband. The facts surrounding the accident which occurred on January 25, 1984, are not at issue, although apparently Elliott was at fault. On May 17, 1985, the husband executed a general release of his claim against Elliott in consideration of the payment of $36,000 by Elliott's liability insurance carrier.

Wife was not a party to the release, and claims she had no knowledge of its execution. The insurance adjuster who secured the release from husband is no longer employed by the carrier and cannot be located. Based on information supplied by husband, however, it is reasonable to infer that the adjuster was aware of the husband's marital status. In the Superior Court, and on appeal, Elliott, whose interests are asserted by her liability insurance carrier, does not contend that the wife was aware of the execution of the release or shared in its proceeds.

The Superior Court ruled that the wife's claim for loss of consortium is dependent upon the husband's right to maintain an action for personal injuries, and that the release of the direct claim bars the derivative claim as well.

### II

It is well settled in Delaware that either a husband or a wife has a cause of action for loss of consortium resulting from physical injury sustained by the other spouse due to the negligent acts of a third person. *Folk v. York–Shipley, Inc.*, Del.Supr., 239 A.2d 236 (1968); *Stenta v. Leblang*, Del. Supr., 185 A.2d 759 (1962); *Lacy v. G.D. Searle and Co.*, Del.Super., 484 A.2d 527 (1984); *Slovin v. Gauger*, Del.Super., 193 A.2d 452 (1963), *aff'd*, Del.Supr., 200 A.2d 565 (1964).

A cause of action for loss of consortium is predicated on the proof of three

elements: (1) that the party asserting the cause of action was married to the person who suffered a physical injury at the time the physical injury occurred, (2) that, as a result of the physical injury, the other spouse was deprived of some benefit which formerly existed in the marriage and (3) that the injured spouse has a valid cause of action for recovery against the tortfeasor. *Lacy v. G.D. Searle and Co.*, 484 A.2d at 532. It must be assumed for present purposes that the wife had a valid claim for loss of consortium. We are required, therefore, to determine whether the husband's unilateral release of his direct claim serves to extinguish his wife's claim as well.

Delaware case law has consistently held that a claim for loss of consortium is derivative and that the physically injured spouse must have a valid claim in order for the loss of consortium claim to spring into existence. *See Stenta v. Leblang*, 185 A.2d 759; *Farrall v. Armstrong Cork Co.*, Del. Super., 457 A.2d 763 (1983); *Yonner v. Adams*, Del.Super., 167 A.2d 717 (1961). Elliott argues that the derivative nature of the consortium claim renders it contingent on the existence of the direct claim. Thus when the husband released his claim he thereby removed the basis for any consortium claim by the wife. The Superior Court adopted this rationale.

Wife, on the other hand, contends that although her consortium claim is derivative of the primary claim it is nonetheless separate and independent and, once created, only she can release it. The separate viability of a consortium claim has been recognized under Delaware law. *Sheats v. Bowen*, D.Del., 318 F.Supp. 640, 647–48 (1970). (*citing Townsend v. Wilmington City Ry. Co.*, Del.Super., 78 A. 635 (1907)).

There is a split of authority in the jurisdictions which have addressed the question of whether settlement of the direct claim serves to extinguish the consortium claim. It has been held that the consortium claim is wholly dependent on the primary claim and is extinguished upon the termination of the primary claim. *See Hopson v. St. Mary's Hospital*, Conn.Supr., 176 Conn.

485, 408 A.2d 260, 264 (1979) (Consortium claim barred when suit brought by injured spouse has been terminated by settlement or adverse judgment on merits); *Swartz v. United States Steel Corp.*, Ala.Supr., 304 So.2d 881, 886 (1974). (Spouse may not maintain action for loss of consortium when other spouse has received damages for such loss whether by settlement or judgment). Other courts have ruled that a spouse's claim for loss of consortium may, under certain circumstances, survive if the primary claim has been extinguished. *See Nealy v. Fluor Drilling Services, Inc.*, W.D. La., 524 F.Supp. 789, 794 (1981), *aff'd*, *Stretton v. Penrod Drilling Co.*, 5th Cir., 701 F.2d 441 (1983). (Husband's release of claim for injuries, not a bar to suit by wife for loss of society); *Ryter v. Brennan*, Fla.App., 291 So.2d 55, 57 (1974), *cert denied* Fla. Supr., 297 So.2d 836 (1974). (Husband's release does not abate wife's cause of action for loss of consortium which was property right in her own name).

### III

Both parties agree that the direct claim spouse must have a right to maintain a claim for personal injuries against the alleged tortfeasor before the noninjured spouse's claim for loss of consortium may arise. *See Stenta v. Leblang*, 185 A.2d 759, *Yonner v. Adams*, 167 A.2d 717, *Lacy v. G.D. Searle and Co.*, 484 A.2d 527. The injured spouse must have a valid cause of action against the tortfeasor before the noninjured spouse can bring a loss of consortium claim. *Lacy v. G.D. Searle & Co.*, 484 A.2d at 532.

The Superior Court held that, because wife's claim for loss of consortium is dependent upon husband's valid cause of action, the release of his direct claim also bars the derivative claim. However, in our view a spouse's suit for loss of consortium is derivative of the physically injured spouse's cause of action only to the extent that it establishes the tortfeasor's liability to the primary claim holding spouse. The physically injured spouse may not unilaterally extinguish the loss of consortium claim of the other spouse by signing a general

release, for the loss of consortium claim is not his to extinguish.

There is a difference between the right to extinguish a primary cause of action and the right to extinguish a derivative cause of action. The husband is the holder of the primary cause of action for physical injury against the tortfeasor, and thus only he can extinguish his right to such claim. On the other hand, the wife is the holder of the derivative claim for loss of consortium. This is a claim for a separate and distinct injury resulting from the physical injury to the husband and may be maintained independently, if, as occurred here, the spouse having the direct claim has unilaterally foreclosed the opportunity to assert the consortium claim. *Cf. Whittlesey v. Miller*, Tex.Supr., 572 S.W.2d 665, 669 (1978).

Thus, even though joinder of the consortium claim with the direct claim is required procedurally, the consortium claim will not be lost if a unilateral release of the direct claim makes joinder impossible. The derivative nature of the claim does not make it completely subject to the whim of the other parties to the litigation. In the present action wife was not a party to the settlement and release negotiated by husband, thus wife is not bound by it and is free to pursue her separate yet derivative cause of action. *See Rosander v. Copco Steel & Engineering Co.*, Ind.App., 429 N.E.2d 990 (1982).

To establish her derivative claim, notwithstanding husband's release of his primary claim, wife must, of course, prove the underlying liability of the tortfeasor for the husband's physical injury. Although we recognize that such a requirement is procedurally awkward, justice requires that the wife's claim not be foreclosed by the husband's unilateral action. Moreover, since Elliott's liability carrier must share responsibility for the execution of the release, it also must assume the burden of defending the direct claim.

The grant of summary judgment is REVERSED and the matter is REMANDED for further proceedings.