571 So.2d 258 (1990)
Patricia W. BYRD
v.
Bobby Glen MATTHEWS and Allstate Insurance Co.
No. 07-CA-58754.
Supreme Court of Mississippi.
November 28, 1990.
Claude W. Milstead, Jack R. Davis, Jackson, for appellant.
Mildred M. Morris, Steen Reynolds Dalehite & Currie, Jimmie B. Reynolds, Jr., Steen Reynolds Firm, Jackson, John C. McLaurin, McLaurin & McLaurin, Brandon, for appellee.
EN BANC.
PRATHER, Justice, for the Court:

I. INTRODUCTION

A.
This case involves the issue of whether the assumption-of-risk doctrine, a defense available in a personal-injury action, is also available in a spouse's loss-of-consortium action. This Court concludes that permitting its availability would be consistent with established Mississippi case law. In reaching this conclusion, this Court is cognizant of the seemingly-unquestionable viability of the assumption-of-risk doctrine in actions involving a "sports" injury and the questionable viability of the doctrine in actions involving a non-"sports" injury. Compare G. SCHUBERT, R. SMITH & J. TRENTADUE, SPORTS LAW § 7.4(A)(9), at 230 (1986) (contending that the doctrine is "firmly rooted in sports law"), with Harold v. Rolling "J" Ranch, 266 Cal. Rptr. 734, 218 Cal. App.3d 36, 218 Cal. App.3d 841A (1990) (noting that some states have "decided to retain" the doctrine, while others have either "placed significant limitations" on the doctrine or have altogether abolished it or allowed it to be subsumed by another doctrine such as comparative negligence).
Accordingly, this opinion should be construed as potentially applying only to actions involving the assumption-of-risk doctrine and a "sports" injury. One day, the "right" case or cases will require ultimate disposition of whether the doctrine itself should remain partially or wholly viable and available under all, some, or no circumstance(s).

B.
On April 28, 1984, driver Joe T. Byrd ("Joe") lost control of his car and "spun out" during a race at Jackson International Speedway. At that point, driver Bobby Glen Matthews struck Joe's car and, as a consequence, Joe incurred injuries. Joe subsequently filed a personal-injury action in Rankin County Circuit Court against Matthews and Allstate Insurance (Joe's uninsured motorist carrier). Presiding Judge Alfred Nichols ultimately directed a verdict in the defendants' favor after concluding that Joe's signing of a Release-and-Waiver-of-Liability-and-Indemnity agreement, as well as the assumption-of-risk doctrine, *260 constituted a complete defense. Joe did not appeal; the judgment is final.
Subsequent to the dismissal, Joe's wife, Patricia, filed an action against Matthews and Allstate for loss of consortium. This action was also dismissed via directed verdict. Judge Robert L. Goza based his decision on Patricia's failure to "establish facts upon which [Joe] could recover." Goza explained that Patricia "failed ... because the risk to which [Joe] was exposed was a foreseeable risk[, a]nd willing participants in a hazardous activity ... assume the ordinary and foreseeable risk incident to that activity." Judge Goza did not base his decision on Joe's signing of the Release-and-Waiver-of-Liability-and-Indemnity agreement. In reaching his decision, the judge premised: "Although the release itself ... is not a bar per se of Mrs. Byrd's claim, nevertheless Mrs. Byrd must establish facts upon which Mr. Byrd could recover, absent the release." Restated, Judge Goza concluded that the assumption-of-risk doctrine  applicable in Joe's negligence action  constituted a defense applicable in Patricia's consortium action.
Patricia appealed and presented numerous issues, only one of which is reached: "Whether an affirmative defense available in a personal-injury action is available in the other family member's action for loss of consortium?"

II. ANALYSIS
In the early consortium case of Palmer v. Clarksdale Hosp., this Court opined:
Of course, the burden is on the [spouse in the consortium action] to prove that the alleged tort-feasor is guilty of negligence which directly contributed to [his or her] loss and damage, and the contributory negligence of [his or her injured] spouse would be a defense.

213 Miss. 611, 621, 57 So.2d 476, 480 (1952) (emphasis added) (citing numerous authorities). In a more recent case, a unanimous Court opined that consortium actions "are derivative actions subject to all defenses that would have been available against the injured persons." Choctaw v. Wichner, 521 So.2d 878, 881 (Miss. 1988) (emphasis added) (citing numerous authorities which hold that a spouse's right to consortium damages is derivative "and that it was only logical that since the [spouse's] ... action was derivative he [or she] could have no better standing in court than [the other spouse] had"). In keeping with the dictates of Palmer and Choctaw, this Court holds that the assumption-of-risk defense available against Joe in his personal-injury action was properly deemed available against Patricia in her derivative consortium action.[1]Accord 21 A.L.R.3d 469, 471 ("[Almost a]ll cases from American jurisdictions are unanimous in holding that ... the action for collateral damages is derivative in nature and dependent upon the right of the injured spouse to recover, and is therefore subject to the same defenses that are available in the [personal-injury] action.").
The preceding analysis is consistent with § 48 of the Restatement (Second) of Judgments, which recommends:
(1) When a loss resulting from injury to a person may be recovered by either the injured person or another person [e.g., for loss of consortium]:
(a) A judgment for or against the injured party has preclusive effects on any such other person's claim for the loss to *261 the same extent as upon the injured person.
(b) A judgment for or against any such other person precludes recovery by or on behalf of the injured person of any loss that could have been recovered in the first action.
(2) When a person with a family relationship to one suffering personal injury has a claim for loss to himself resulting from the injury, the determination of issues in an action by the injured person to recover for his injuries is preclusive against the family member, unless the judgment was based on a defense that is unavailable against the family member in the second action.
"Comment a" to § 48 of the Restatement explains, that by declaring that the "supplemental" (consortium) claim "should stand or fall with the injured person's claim," its recommendation promotes "consistency and fairness" and prevents dual recovery and repetitive adjudications. See also RESTATEMENT (SECOND) OF JUDGMENTS § 48 Reporter's Note, at 32-33 (1982). Notably, the Comment concedes that its solution is "second-best" and that the matter is "better dealt with by rules of compulsory joinder."[2]

III. CONCLUSION
This Court, until otherwise convinced, reaffirms long-established Mississippi case law by holding that a defense available against a plaintiff in his or her personal-injury action (in this case, assumption of risk) is available against the spouse's derivative consortium action. The circuit court, therefore, properly directed a verdict in favor of the defendants.
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.
HAWKINS, P.J., and SULLIVAN, J., dissent.
SULLIVAN, Justice, dissenting:
Today's decision has a threefold effect: it (1) denies Byrd her day in court; (2) gives a spouse a unilateral right to act as the agent of the other spouse and foreclose the other spouse's constitutional and statutory right to seek redress for a personal injury; and (3) absolves a negligent party from liability although they have exercised a degree of care inferior to that required by law. Due to the far reaching effects and the inequity of our majority's opinion, I respectfully dissent.
The trial court could have found that Byrd's claim is barred because she, herself, assumed the risk or could have allowed a jury to award Byrd $0 damages applying the doctrine of comparative negligence for her injured spouse's acts.[1] However, the trial judge did not find that Byrd, the plaintiff, assumed the risk; i.e., had actual knowledge of the danger to her husband, understood and appreciated the risk from *262 the danger, and voluntarily exposed herself to the risk that a negligent driver would injure her husband causing her loss of consortium. Rather, the circuit judge barred her action because he found that Byrd did not establish facts upon which her husband could recover because Mr. Byrd, who is not a party in this action, had assumed the risk of his injuries by participating in the speedway event, a hazardous activity.
Our Constitution gives every person the right to seek redress for personal injury:
All courts shall be open; and every person for an injury done him in his ... person ... shall have a remedy by due course of law, and right and justice shall be administered without sale, denial or delay.
Miss. Const. Art. 3, § 24 (Emphasis added). This constitutional guarantee of a day in court is equally applicable to loss of consortium actions. See Miss. Code Ann. § 93-3-1 (1972). By allowing Mr. Byrd's assumption of the risk to bar his wife's claim, Byrd has been denied the right to seek redress for her injury. The consequence of this decision, however, reaches beyond denial of one's constitutional guarantee to use the courts  the majority has allowed one marital partner to act as the other spouse's agent by permitting the one to enter into an agreement to which the other spouse is not a party and which extinguishes a claim personal to the other.
When no consent has been given, a spouse is not the agent of his marital partner  meaning one spouse cannot bind the other to an agreement or contract to which he or she is not a party merely due to the marital relationship. Siskind v. Norris, 152 A.D.2d 196, 548 N.Y.S.2d 160, 162 (1989) (cites therein) (appeal dismissed 1990); Manzitti v. Amsler, 379 Pa.Super. 454, 550 A.2d 537, 542 (1988) [citing Neely v. Kossove, 198 N.J. Super. 503, 487 A.2d 788, 790 (1984)]; Arnold v. Shawano County Agric. Society, 106 Wis.2d 464, 317 N.W.2d 161, 163 (App. 1982) (citing Smith v. Osborn, 66 Wis.2d 264, 278, 223 N.W.2d 913, 920 (1974) (affirmed and overruled in part on other grounds); see 41 C.J.S. § 67 at 544. To allow Mr. Byrd to bind his wife to his agreement to assume a risk provides him the right to act as her agent without her consent.
Moreover, it allows him the right of control over his wife based on the marital relationship. Not only has this Court recognized that there should be no disability on account of coverture, Austin v. Austin, 136 Miss. 61, 100 So. 591, 592 (1924); Miss. Code Ann. § 93-3-1 (1972), but this Court also has found that a spouse should have no right of control over his spouse's loss of consortium action. Palmer v. Clarksdale Hospital, 213 Miss. 611, 623-24, 57 So.2d 476, 481 (1952) (Court addressing collateral estoppel). This rule and the agency doctrine alone should be sufficient to prohibit one spouse from unilaterally extinguishing the other's consortium claim. See e.g., Jones v. Elliott, 551 A.2d 62, 64 (Del.Super. 1988) (general liability release); Siskind v. Norris, 152 A.D.2d 196, 548 N.Y.S.2d 160, 162 (1989) (cites therein) (appeal dismissed 1990) (exculpatory agreement releasing party from future injuries); Manzitti v. Amsler, 379 Pa.Super. 454, 550 A.2d 537, 542 (1988) (citing Neely v. Kossove, 198 N.J. Super. 503, 487 A.2d 788, 790 (1984) (settlement of injured spouse's action).
The majority believe that because we have allowed tortfeasors to use the injured spouse's contributory negligence as a defense to the recovery of damages in a loss of consortium action, Choctaw, Inc. v. Wichner, 521 So.2d 878, 881 (Miss. 1988), that all defenses including assumption of the risk can be used as a defense to bar Byrd's claim. The Wisconsin Supreme Court has found that other defenses except contributory negligence are not available to an adverse party in a loss of consortium action. Arnold v. Shawano County Agric. Society, 111 Wis.2d 203, 330 N.W.2d 773, 779 (1983) (overruled on other grounds) [citing Schwartz v. City of Milwaukee, 54 Wis.2d 286, 293, 195 N.W.2d 480, 484 (1972)]. Heretofore the assumption of the risk doctrine has been utilized by adverse parties to bar a claim when a plaintiff, who in this case would be Mrs. Byrd, in advance, has given her consent to take her chances of injury from a known risk. See McDaniel v. Ritter, 556 So.2d *263 303, 315 (Miss. 1989). There are no cases in our state where this Court has allowed a nonplaintiff to assume the risk for a plaintiff.
To allow assumption of the risk to be used as a defense is inequitable when consideration is taken of the fact that consortium actions are derivative to the extent that they lie "on account of" injuries to the other spouse. Choctaw, Inc. v. Wichner, 521 So.2d 878, 881 (Miss. 1988). Though derivative on the spouse's injuries, a consortium claim remains personal to the wife, Weaver v. City of Pascagoula, 527 So.2d 651, 653 (Miss. 1988); Palmer v. Clarksdale Hospital, 213 Miss. 611, 623-24, 57 So.2d 476, 481 (1952), and is a separate and independent cause of action from the personal injury action of the spouse. Choctaw, Inc. v. Wichner, 521 So.2d 878, 880, 882 (Miss. 1988); West v. Plastifax, Inc., 505 So.2d 1026, 1028 (Miss. 1987); Carr v. Mid-South Oxygen, Inc., 543 F. Supp. 299, 300 (N.D. Miss. 1982); McCluskey v. Thompson, 363 So.2d 256 (Miss. 1978); Palmer v. Clarksdale Hospital, 213 Miss. 611, 57 So.2d 476 (1952); Brahan v. Meridian Light & Ry. Co., 121 Miss. 269, 83 So. 467 (1919). Thus, while it is fair to allow the negligence of the injured spouse to reduce damages for injuries he brought on himself, it is not fair to allow the injured spouse to unilaterally take action which denies his wife a cause of action when he is not a party to the action. The doctrine of contributory negligence is wholly sufficient to administer justice in this case and should be the only defense available in a consortium action. See Arnold v. Shawano County Agric. Society, 111 Wis.2d 203, 330 N.W.2d 773, 779 (1983) (overruled on other grounds) [citing Schwartz v. City of Milwaukee, 54 Wis.2d 286, 293, 195 N.W.2d 480, 484 (1972)] (contributory negligence the only defense available in consortium action).
Implied or express assumption of the risk is no different in its effect than signing a release from liability, which would not be binding upon the nonsigning spouse. See Jones v. Elliott, 551 A.2d 62, 64 (Del. Super. 1988) (general liability release); Siskind v. Norris, 152 A.D.2d 196, 548 N.Y.S.2d 160, 162 (1989) (cites therein) (appeal dismissed 1990) (exculpatory agreement releasing party from future injuries). It is basically a contract agreeing to absolve a party from paying damages for his negligent acts. The negligent act still occurs and the tortfeasor is responsible for the injuries, but we excuse the tortfeasor from paying damages due to the contract. This, however, does not mean no negligence occurred. Further, since the spouse seeking recovery is not a party to this contract, it is inequitable to allow such a contract, whether express or implied, to be used to prohibit the action of the spouse, who has a statutory right of action.
Under the laws of this state, I would not allow Mr. Byrd the unilateral right to assume a risk which forecloses Mrs. Byrd's constitutional and statutory right to seek recovery for loss of consortium. Mrs. Byrd deserves her day in court.
HAWKINS, P.J., joins this dissent.
NOTES
[1] The dissent notes that the Wisconsin Supreme Court concluded that contributory negligence is the "only defense" available in a consortium action. See dissenting at 262 (citing Arnold v. Shawano County Agric. Soc'y and Schwartz v. City of Milwaukee). This statement is misleading because the Wisconsin Supreme Court had abolished the assumption-of-risk doctrine and numerous other defenses prior to the disposition of Arnold and Schwartz. See Vincent v. Pabst Brewing Co., 47 Wis.2d 120, 177 N.W.2d 513 (1970) ("[T]his court has abolished assumption of risk, gross negligence, governmental, charitable, religious and parental immunities."). Thus, it is not surprising that contributory negligence is the "only defense" available in consortium actions in Wisconsin.

The dissent additionally notes that "[t]here are no cases in [Mississippi] where this Court has allowed a nonplaintiff to assume the risk for a plaintiff." See dissenting at 263. The reason why "there are no cases" in Mississippi is because this Court has not addressed an issue like the one involved in the case sub judice.
[2] This Court has held that negligence and consortium claims should be distinguished in order to prevent duplicative recovery. Tribble v. Gregory, 288 So.2d 13 (Miss. 1974). Notably, one author contends that "the only way to eliminate the danger of double recovery altogether would be to require joinder of the [husband and wife's] claims." See Love, Tortious Interference with the Parent-Child Relationship: Loss of an Injured Person's Society and Companionship, 51 IND.L.J. 590, 626-27 (1976). This issue  i.e., requiring joinder in order to prevent duplicative recovery (and litigation)  is not involved in the case sub judice and, therefore, is not addressed. Admittedly, this opinion may "motivate" future plaintiff-spouses to join their personal-injury and consortium actions.

Compare Sullivan, When Must Loss-of-Consortium Claim Be Joined with Underlying Personal Injury Claim, 60 A.L.R.4th 1174, 1183 (1988) (author incorrectly notes that, under Mississippi case law, claims by spouses for loss of consortium cannot be joined) (citing Palmer, 213 Miss. at 611, 57 So.2d at 476), with MISS.R.CIV.P. 20 (providing for "permissive joinder of parties").
[1] I reiterate my opinion that the time has come for this Court to merge the doctrine of assumption of risk into the doctrine of contributory negligence. See McDaniel v. Ritter, 556 So.2d 303, 319-21 (Miss. 1989), (Sullivan, J., Concurring, but Writing Separately). The comparative negligence doctrine is wholly sufficient to apply justice in this case. Byrd would receive her day in court and a jury could determine whether her spouse contributed to his own injuries in which case her recovery, if any, would be proportionately reduced.