# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KIMBERLY GERMAN and )
GREGORY GERMAN, her )
husband, )
             )
             Plaintiffs, )
             )
         v. )   C.A. No. N21C-09-118 WCC
             )
IAN MATTHEW SKINNER and )
DIAMOND STATE )
ENGINEERING INC., )
             )
             Defendants. )

Submitted: April 12, 2022
Decided: August 29, 2022

**Defendants' Motion for Summary Judgment as to
Plaintiff Gregory German's Claims – GRANTED**

**MEMORANDUM OPINION**

Susan List Hauske, Esquire, Tybout, Redfearn & Pell, 750 Shipyard Drive, Suite 400, P.O. Box 2092, Wilmington, Delaware 19899. Attorney for Defendants.

Periann Doko, Esquire, Kent & McBride, P.C., 405 Silverside Road, Suite 202, Wilmington, Delaware, 19809. Attorney for Plaintiffs.

**CARPENTER, J.**

Before the Court is Defendants Ian Matthew Skinner and Diamond State Engineering, Inc.'s ("Defendants") Motion for Summary Judgment as to Plaintiff Gregory German's ("Mr. German") Claims. For the reasons set forth in this Opinion, Defendants' Motion for Summary Judgment is **GRANTED**.

## I.    Factual & Procedural Background

On or about September 20, 2019, Mr. German was operating his vehicle and traveling southbound on Delaware Route 1, near Middletown.[1] Plaintiff, Kimberly German, was a passenger in the vehicle.[2]  The Defendant, Ian Matthew Skinner, was operating a commercial motor vehicle, owned, leased, operated and/or maintained by Defendant Diamond State Engineering, Inc., in a southbound direction on Delaware Route 1, directly behind the Plaintiffs.[3]  The vehicles collided and Plaintiff Kimberly German suffered serious personal injuries.[4]

On or about March 6, 2020, Mr. German executed a Release of All Claims and Indemnity Agreement ("Release Agreement") as a result of the September 20, 2019, motor vehicle accident with the Defendants.[5]  Pursuant to the Release Agreement, Mr. German released Defendants from "all claims, actions, cause of

---

[1] Amend. Compl., D.I. 2, ¶4 (Sept. 27, 2021).
[2] *Id*. at ¶5.
[3] *Id*. at ¶6.
[4] *Id*. at ¶9.
[5] Def.'s Mot. for Summ. J. as to Pl. Gregory German's Claims, D.I. 20, ¶4 (Mar. 8, 2022).

actions, demands, rights, damages, costs, loss of services, expenses and compensation" arising out of the motor vehicle accident in exchange for $5,000.[6]

On September 16, 2021, the Plaintiffs filed a Complaint against Defendants alleging that Defendant Ian Matthew Skinner was negligently and/or willfully and wantonly operating his commercial vehicle, *respondeat superior* against Defendant Diamond State Engineering, and a negligent hiring claim against Diamond State Engineering.[7] Defendants answered on December 9, 2021, denying all allegations, and asserted eight affirmative defenses.[8]

On March 8, 2022, Defendants moved for summary judgment as to Mr. German's claims arguing that his loss of consortium claim is barred because he executed a valid and unambiguous release with the Defendants.[9] In response, on April 12, 2022, the Plaintiffs opposed dismissal asserting that the executed release only applies to Mr. German's direct claims arising from the accident and, that the release is ambiguous.[10] This is the Court's decision on that Motion.

---

[6] *Id*. at ¶3.
[7] Compl. at ¶¶14-17, 19-20, 22, 24-26.
[8] Defs.' Answ. to First Am. Compl., D.I. 11 (Dec. 9, 2021).
[9] Defs.' Mot. for Summ. J. at 1.
[10] Pls.' Resp. to Defs.' Mot. for Summ. J., D.I. 25, 11-12 (Apr. 12, 2022).

## II.     Standard of Review

In reviewing a motion for summary judgment pursuant to Superior Court Civil Rule 56, the Court must determine whether any genuine issues of material fact exist.[11] The moving party bears the burden of showing that there are no genuine issues of material fact, such that he or she is entitled to judgment as a matter of law.[12] In reviewing a motion for summary judgment, the Court must view all factual inferences in a light most favorable to the non-moving party.[13] Where it appears that there is a material fact in dispute or that further inquiry into the facts would be appropriate, summary judgment will not be granted.[14]

## III.    Discussion

The parties dispute whether Mr. German validly released his loss of consortium claim related to the September 2019 accident when he executed the Release Agreement with the Defendants.  The Defendants argue that Mr. German's claim must be dismissed because the Release Agreement encompassed "any and all claims or causes of action," which includes his loss of consortium claim.  Whereas the Plaintiffs argue that the Release Agreement only prohibits Mr. German's direct claims.

---

[11] Super. Ct. Civ. R. 56(c); *Wilm. Tru. Co. v. Aetna*, 690 A.2d 914, 916 (Del. 1996).
[12] *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).
[13] *Alabi v. DHL Airways, Inc.*, 583 A.2d 1358, 1361 (Del. 1990).
[14] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. Super. Ct. 1962), *rev'd in part* on procedural grounds and *aff'd in part*, 208 A.2d 495 (Del. 1965).

Generally, Delaware courts recognize the validity of general releases.[15] A clear and unambiguous release "will [only] be set aside where there is fraud, duress, coercion, or mutual mistake concerning the existence of the party's injuries."[16] "In determining whether the release is ambiguous, the intent of the parties is controlling as to the scope and effect of the release."[17]

In *Jones v. Elliot*, the Delaware Supreme Court considered a related issue, but there, the injured husband executed a release of his claims, and the wife sought a loss of consortium claim based on the husband's injuries.[18] Originally, the Superior Court held that the wife's claim was also barred because her claim was "dependent upon the husband's right to maintain an action for personal injuries, and that the release of the direct claim bars the derivative claim as well."[19] But, the Delaware Supreme Court overruled that decision holding:

> The husband is the holder of the primary cause of action for physical injury against the tortfeasor, and thus only he can extinguish his right to such claim. On the other hand, the wife is the holder of the derivative claim for loss of consortium. This is a separate and distinct injury resulting from the physical injury to the husband and may be maintained independently, if, as occurred here, the spouse having the direct claim has unilaterally foreclosed the opportunity to assert the consortium claim.[20]

---

[15] *Chakov v. Outboard Marine Corp.*, 429 A.2d 984, 985 (Del. 1981).
[16] *Deuley v. DynCorp Intern., Inc.*, 8 A.3d 1156, 1163 (Del. 2010).
[17] *Id.*
[18] *Jones v. Elliott*, 551 A.2d 62, 63 (Del. 1988).
[19] *Id.* at 63.
[20] *Id.* at 65.

Essentially, the party who may assert a loss of consortium claim has the ultimate control over its disposition because "[t]he derivative nature of the claim does not make it completely subject to the whim of the other parties to the litigation."[21] Accordingly, Mr. and Mrs. German may manage their claims independently of each other, although the claims are related.

In exercising that management, Mr. German entered into a Release Agreement with the Defendants that stated that:

> [Mr. German]…for the sole consideration of five thousand and 00/100 dollars…release, acquit and forever discharge Diamond Electric Inc., Diamond Mechanical Inc., Ian Skinner, Atlantic States Insurance Company…from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which [Mr. German] now has/have or which may hereafter accrue on account of or in any way growing out of any or all known or unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequence thereof resulting or to result from the incident…on or about the 20th day of September 2019 at or near Milford, Delaware.[22]

It appears that the parties do not challenge the validity of the Release Agreement nor claim that it was executed under fraud, duress or mistake. As such, the Court finds that this clause unambiguously provides Mr. German notice that he released *all claims or causes of action arising from the September 2019 accident*.

---

[21] *Id*.

[22] Defs.' Mot. for Summ. J. Ex. A. (Release of All Claims and Indemnity Agreement Mar. 16, 2020).

The Court rejects the Plaintiffs' contention that the Release Agreement only applies to direct claims arising from the accident because the language of the Release Agreement does not make that distinction. Rather, the Release Agreement expressly states that it applies to all of Mr. German's claims or causes of action arising from the September 2019 accident, regardless of whether they are direct or derivative, or even known at that time. Accordingly, Mr. German's claim is barred because he validly released it.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment as to Plaintiff Gregory German's claims is **GRANTED**.

**IT IS SO ORDERED.**

/s/ William C. Carpenter, Jr.
Judge William C. Carpenter, Jr.