# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00688-COA

**SHAWN PETTIS AND ANN PETTIS**                                        **APPELLANTS**

**v.**

**NORTHEAST MISSISSIPPI ELECTRIC POWER**                       **APPELLEES**
**ASSOCIATION, JUSTIN SMITH AND JASON**
**LONG**

DATE OF JUDGMENT:                11/05/2021
TRIAL JUDGE:                     HON. KENT E. SMITH
COURT FROM WHICH APPEALED:       LAFAYETTE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:         TERRIS CATON HARRIS
ATTORNEYS FOR APPELLEES:         J. DOUGLAS FORD
                                 LAURA ELIZABETH NICHOLS FISHER
NATURE OF THE CASE:              CIVIL - TORTS-OTHER THAN PERSONAL
                                 INJURY & PROPERTY DAMAGE
DISPOSITION:                     AFFIRMED - 04/02/2024
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., GREENLEE AND McCARTY, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     In June 2017, Shawn Pettis was attacked by dogs while reading a power meter in the

course of his employment with the Northeast Mississippi Electric Power Association

(NEMEPA). Pettis later sued NEMEPA and two of its employees, alleging negligence and

intentional infliction of emotional distress (IIED). Pettis's wife also asserted a claim for loss

of consortium.[1] Pettis filed his first complaint (*Pettis I*) in June 2020—just one day before

the expiration of the applicable limitations period. But Pettis failed to serve process within

---

[1] The loss of consortium claim is derivative of Pettis's IIED claim and requires no
separate analysis. For ease of reference, we omit further mention of Pettis's wife.

120 days, and the circuit court dismissed *Pettis I* in May 2021. The court dismissed Pettis's negligence claim with prejudice based on the exclusive remedy provision of the Workers' Compensation Act[2] and dismissed Pettis's IIED and loss of consortium claims without prejudice for failure to serve process. Pettis did not appeal the dismissal in *Pettis I*.

¶2. Before the circuit court dismissed *Pettis I*, Pettis filed a second, identical complaint (*Pettis II*) in February 2021. In *Pettis II*, the circuit court granted the defendants' motion to dismiss, ruling that Pettis's negligence claim was barred by res judicata and that his IIED claim and loss of consortium were barred by the statute of limitations.

¶3. Pettis appeals only the dismissal of his IIED and loss of consortium claims in *Pettis II*. Pettis argues that his claims were timely filed based on the "discovery rule"[3] and the fraudulent concealment doctrine.[4] However, the discovery rule does not apply, and Pettis waived any fraudulent concealment argument by failing to raise the issue in the circuit court. Therefore, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶4. Pettis worked at NEMEPA for over a decade and was a foreman. Pettis alleges that while at NEMEPA, he "was vocal about conditions of his employment, including but not limited to racial discrimination." He alleges that around April 2017, he "resolved [a] discrimination complaint with [NEMEPA]," but NEMEPA "took actions to demean and

---

[2] Miss. Code Ann. § 71-3-9 (Rev. 2021).

[3] Miss. Code Ann. § 15-1-49(2) (Rev. 2019).

[4] Miss. Code Ann. § 15-1-67 (Rev. 2019).

2

harm [him]" even after his complaint was resolved.

¶5.     On June 2, 2017, Pettis was assigned to read power meters, a task he alleges "was below his paygrade." While reading a meter, Pettis was attacked by dogs. Pettis alleges that "without provocation, the dogs viciously attacked [him], causing severe injuries."

¶6.     On June 1, 2020, Pettis filed his first complaint (*Pettis I*) against NEMEPA and two of its employees, Justin Smith and Jason Long, asserting claims of negligence, IIED, and loss of consortium. Pettis alleged that he had "recently learned" that prior to the dog attack, "someone intentionally removed [a] 'dangerous dog' notation [from NEMEPA's] record[s] so that . . . Pettis would not be aware of the dogs [and] would be harmed."

¶7.     On February 22, 2021, NEMEPA[5] filed a motion to dismiss, arguing (1) the exclusive remedy provision of the Workers' Compensation Act barred Pettis's negligence claim, and (2) Pettis's IIED and loss of consortium claims should be dismissed because he failed to serve process within 120 days as required by Rule 4(h) of the Mississippi Rules of Civil Procedure. NEMEPA showed that on September 21, 2020, Pettis had attempted to serve process on NEMEPA, Smith, and Long by serving Nikki Bing, a NEMEPA cashier who was not authorized to accept service on behalf of NEMEPA.[6]

¶8.     In March 2021, the circuit court dismissed Pettis's negligence claim with prejudice based on the exclusive remedy provision of the Workers' Compensation Act and dismissed Pettis's claims against Smith and Long without prejudice for failure to serve process. The

_____

[5] Smith and Long are represented by the same counsel as NEMEPA and joined all relevant motions NEMEPA filed.

[6] September 21, 2020 was the 112th day of the 120-day period under Rule 4(h).

3

court reserved ruling on Pettis's remaining claims against NEMEPA to give Pettis an opportunity to show that service on Bing was proper. Pettis submitted no additional evidence that Bing had authority to accept service for NEMEPA, and on May 10, 2021, the circuit court dismissed Pettis's remaining claims against NEMEPA without prejudice for failure to serve process. Pettis did not appeal the dismissal in *Pettis I*.

¶9. On February 23, 2021—one day after NEMEPA had filed its motion to dismiss in *Pettis I*—Pettis filed an identical complaint commencing a new action in the circuit court (*Pettis II*).[7] In June 2021, NEMEPA filed a motion to dismiss *Pettis II* with prejudice. NEMEPA argued that Pettis's negligence claim was barred by res judicata, collateral estoppel, and the Workers' Compensation Act because it was identical to the negligence claim that had been dismissed with prejudice in *Pettis I*. NEMEPA also argued that all of the claims in *Pettis II* were barred by the three-year statute of limitations. *See* Miss. Code Ann. § 15-1-49(1). Pettis failed to file a response to NEMEPA's motion. The circuit court granted NEMEPA's motion and dismissed the case with prejudice, holding that res judicata barred Pettis's negligence claim and that the statute of limitations barred his IIED and loss of consortium claims.

¶10. Pettis then filed a motion for reconsideration under Rule 59 of the Mississippi Rules of Civil Procedure. Pettis argued that under the "discovery rule," Miss. Code Ann. § 15-1-49(2), his claims did not accrue, and the statute of limitations did not begin to run, until he

---

[7] *Pettis II* appears to implicate the claim-splitting doctrine. *See generally Triplett v. S. Hens Inc.*, 238 So. 3d 1128 (Miss. 2018). However, NEMEPA has not raised that issue, so we do not address it.

4

"learned" that "someone [had] intentionally removed the 'dangerous dog' notation [from NEMEPA's] record[s]." In an affidavit, Pettis stated that he did not become aware of this fact until October 2, 2019. The circuit court denied Pettis's motion to reconsider, ruling that the discovery rule was inapplicable. Pettis then filed a notice of appeal.

¶11. On appeal, Pettis renews his argument that his IIED and loss of consortium claims did not accrue and that the limitations period did not begin to run until he allegedly learned that someone had removed the "dangerous dog" notation from NEMEPA's records. He also argues—for the first time—that the fraudulent concealment doctrine, Miss. Code Ann. § 15-1-67, tolled the limitations period.

## ANALYSIS

¶12. "A dismissal based on the statute of limitations presents a question of law that this Court reviews de novo." *Stacks v. Smith*, 291 So. 3d 809, 813 (¶10) (Miss. Ct. App. 2020).

¶13. Pettis's IIED and loss of consortium claims are subject to the three-year catch-all statute of limitations. Miss. Code Ann. § 15-1-49(1); *GEICO Cas. Co. v. Stapleton*, 315 So. 3d 464, 468 (¶12) (Miss. 2021) (holding that section 15-1-49 governs IIED claims); *J & J Timber Co. v. Broome*, 932 So. 2d 1, 6 (¶19) (Miss. 2006) ("Loss of consortium is . . . derivative, and Mississippi law dictates that if the underlying personal injury claim is disposed of, the loss of consortium claim cannot be maintained on its own."); *Byrd v. Matthews*, 571 So. 2d 258, 260 (Miss. 1990) ("[C]onsortium actions are derivative actions subject to all defenses that would have been available against the injured persons." (quotation marks and emphasis omitted)). Pettis filed his complaint in *Pettis II* more than three years

after he was injured. Thus, on its face, *Pettis II* would appear to be barred by the statute of limitations.

¶14. However, Pettis argues that his complaint is saved by the catch-all statute's "discovery rule," which provides that in actions that "involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Miss. Code Ann. § 15-1-49(2). Pettis argues that under this provision, his claim did not accrue—and the limitations period did not begin to run—until October 2019, when he allegedly learned that someone had deleted a "dangerous dog" notation from NEMEPA's records. We disagree.

¶15. "No provision of Section 15-1-49 provides that a plaintiff must have knowledge of the cause of the injury before the cause of action accrues, initiating the running of the statute of limitations." *Angle v. Koppers Inc.*, 42 So. 3d 1, 7 (¶18) (Miss. 2010). Rather, under this statute, "[our Supreme] Court has held that 'causes of action accrue upon discovery of the injury, *not discovery of the injury and its cause*. Knowledge of the cause of the injury is irrelevant to the analysis; rather, the inquiry is when the plaintiff knew or should have known of an injury.'" *W. World Ins. Grp. v. KC Welding LLC*, 372 So. 3d 464, 467-68 (¶17) (Miss. 2023) (other quotation marks and brackets omitted) (quoting *F & S Sand Inc. v. Stringfellow*, 265 So. 3d 170, 174 (¶9) (Miss. 2019)); *accord Am. Optical Corp. v. Est. of Rankin*, 227 So. 3d 1062, 1068 (¶23) (Miss. 2017). Thus, in *Rankin*, a case brought by a former construction worker against a silica manufacturer, the Court held that the "statute of limitations began to run under the discovery rule at the time the worker sought treatment for chronic obstructive

6

pulmonary disease rather than the date he was first diagnosed with silicosis by his retained expert pulmonologist." *Stringfellow*, 265 So. 3d at 174 (¶8) (citing *Rankin*, 227 So. 3d at 1074). That is, the claim accrued when the plaintiff discovered *his injury*, not when he later discovered its underlying cause. *Id.* "Stated simply, under section 15-1-49, a plaintiff has three years from the discovery of his *injury* to determine the cause(s) of the injury and file suit against the responsible party or parties." *Clearman v. Pipestone Prop. Servs. LLC*, 374 So. 3d 1254, 1258 (¶10) (Miss. Ct. App. 2023).

¶16. Here, Pettis's injury was not "latent," hidden, or undiscoverable. He knew of the injury the moment the dogs attacked him. Indeed, Pettis sued the homeowners over those injuries within the statute of limitations. Pettis's allegation that he later discovered additional information about "the cause of the injury is *irrelevant to the analysis*; rather, the inquiry is when the plaintiff knew or should have known of an injury." *W. World Ins. Grp.*, 372 So. 3d at 467-68 (¶17) (emphasis added) (quotation marks omitted). Accordingly, the discovery rule does not apply to Pettis's claims. His claims accrued and the statute of limitations began to run when he was injured on June 2, 2017.

¶17. On appeal, Pettis also argues that the limitations period was tolled because NEMEPA allegedly "fraudulently concealed" his claim. *See* Miss. Code Ann. § 15-1-67. However, Pettis waived this argument because he failed to raise the issue in the circuit court. As discussed above, Pettis failed to respond to NEMEPA's motion to dismiss and then filed a motion for reconsideration that relied solely on section 15-1-49's discovery rule. In the circuit court, Pettis *never* mentioned the fraudulent concealment doctrine. The Mississippi

7

Supreme Court recently reiterated that "one of the most fundamental and long established rules of law in Mississippi is that an appellate court will not review matters on appeal that were not raised at the trial court level." *Parker v. Ross*, 367 So. 3d 151, 157 (¶18) (Miss. 2023); *accord Stowe v. Edwards*, 331 So. 3d 24, 33-34 (¶¶33-34) (Miss. Ct. App. 2021) (holding that plaintiffs waived their tolling argument by failing to raise it in the trial court), *cert. denied*, 331 So. 3d 535 (Miss. 2022). Therefore, Pettis's fraudulent concealment argument is waived on appeal.

¶18. Because neither the discovery rule nor the fraudulent concealment doctrine applies, Pettis's claim accrued on the date of his injury—June 2, 2017. Pettis filed his complaint in *Pettis I* on June 1, 2020—with one day left on the statute of limitations—but Pettis ultimately failed to serve the summons and complaint. "While the filing of a complaint tolls the statute of limitations, if service is not made upon the defendant within 120 days as required by [Rule] 4(h), the limitations period resumes running at the end of the 120 days." *Owens v. Mai*, 891 So. 2d 220, 223 (¶14) (Miss. 2005). Thus, the filing of the complaint in *Pettis I* tolled the limitations period for 120 days until September 29, 2020, but the limitations period then resumed running. By that time, there was only one day left in the limitations period. Pettis did not file *Pettis II* until February 23, 2021—nearly five months after the limitations period had expired. Therefore, the circuit court correctly held that *Pettis II* is barred by the statute of limitations.

## CONCLUSION

¶19. The discovery rule does not apply, and Pettis waived his fraudulent concealment

8

argument.  Therefore, Pettis's claims are barred by the statute of limitations.

¶20.  **AFFIRMED.**

**CARLTON, P.J., GREENLEE, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.  WESTBROOKS AND McDONALD, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. BARNES, C.J., NOT PARTICIPATING.**