**Felix and Shirley WICHNER, Plaintiffs-Appellees,**

**v.**

**CHOCTAW, INC., and Jessie Lee Harrison, Defendants-Appellants.**

**No. 87–4096.**

United States Court of Appeals, Fifth Circuit.

Oct. 22, 1987.

Sumners, Carter, Trout & McMillin, New Albany, Miss., for defendants-appellants.

Roy O. Parker & Assoc., Roy O. Parker, Jr., Roy O. Parker, Tupelo, Miss., for plaintiffs-appellees.

Before THORNBERRY, GARWOOD, HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

This appeal from a judgment entered in a diversity case by the United States District Court in Mississippi presents a single question of law. We have not located controlling precedents in decisions by the Supreme Court of Mississippi and we are persuaded that the question is important and best decided by the Supreme Court of Mississippi, the final arbiter of the law of Mississippi. The parties stipulated both to the legal issue and the facts of the case, as attached in Appendix A. The answer by the Supreme Court of Mississippi will decide this appeal.

We therefore certify to the Supreme Court of Mississippi the question of whether the award to Mrs. Shirley Wichner for loss of consortium should be reduced by the properly found contributory negligence of her husband, Felix Wichner.

## APPENDIX A

Choctaw, Inc., and Jessie Lee
Harrison, Appellants

vs.

Shirley Wichner, Appellee

## STIPULATION OF LEGAL ISSUE
AND FACTS

### LEGAL ISSUE

Should the award to Mrs. Shirley Wichner for loss of consortium be reduced by the properly found contributory negligence of her husband, Felix Wichner?

### STATEMENT OF THE CASE

#### (1) HISTORY OF THE CASE

Felix Wichner sued defendants (appellants) for personal injuries in an intersection collision. His wife Shirley Wichner (appellee) was not involved but sued for loss of consortium. In a bench trial the district court found Felix Wichner 50% negligent and awarded him one-half of his damages ($84,300) and awarded Shirley Wichner loss of consortium damages of $40,000 without reduction for the husband's contributory negligence. The court overruled defendants' motion to open judgment for a new conclusion of law to reduce wife's award. Defendants have paid all of Felix Wichner's judgment and half of Shirley Wichner's judgment and appealed the district court's refusal to reduce the wife's consortium award.

#### (2) STATEMENT OF FACTS

Since this appeal is limited to a single question of Mississippi law, all applicable facts are contained in the district court's finding of facts, the applicable portion of which is abstracted here:

#### "OPINION

"In this diversity action, plaintiffs, Felix Wichner and wife, Shirley Wichner, sue defendants, Choctaw, Inc., and its driver, Jessie Lee Harrison, for personal injuries suffered by plaintiff Felix Wichner and loss of consortium suffered by his wife, Shirley Wichner, as a result of a vehicular collision.

\*   \*   \*   \*   \*   \*

"Felix Wichner was not without fault. \* \* \* Thus, defendant Harrison and plaintiff Felix Wichner were both negligent, and the negligence of each party contributed equally as a proximate cause of the accident in question and the ensuing injuries to Felix Wichner. Pursuant to Mississippi's comparative negligence statute, Felix Wichner is not barred from recovering in this action, but his recovery is reduced by the proportion of fault or negligence attributable to defendant, that is, one-half or fifty percent.

\*   \*   \*   \*   \*   \*

"In summary, the court finds that damages in the sum of $168,597.00 have been suffered by plaintiff Felix Wichner as a result of the accident herein. The total damages must be reduced by 50 percent, being the percentage of fault or negligence attributable to plaintiff Felix Wichner ... therefore, plaintiff Felix Wichner is entitled to judgment against Jessie Lee Harrison and Choctaw, Inc., jointly and severally, in the sum of $84,300.00.

#### "THE LOSS OF CONSORTIUM CLAIM OF SHIRLEY WICHNER

"Plaintiff Shirley Wichner seeks damages against defendants based on her claim for loss of consortium. The evidence presented in this case clearly shows a marked loss of social life and sexual relations between Shirley and Felix Wichner. \* \* \* This loss is a proximate result of the injuries suffered by Felix Wichner in this accident, and Shirley Wichner is entitled to reasonable compensation for these damages suffered by her.

\*   \*   \*   \*   \*   \*

"Having found that Shirley Wichner has suffered separate and distinct damages, we next consider whether or not any award of damages to her should be reduced in proportion to her husband's

negligence in the subject accident. A thorough discussion of this subject is found in *Wright v. Standard Oil Co.,* 470 F.2d 1280 (5th Cir.1972), *cert. denied,* 412 U.S. 938 [93 S.Ct. 2772, 37 L.Ed.2d 398] (1973). Clearly, Mississippi does not impute the negligence of the husband to his wife in her claim for loss of consortium. The comparative negligence of the husband should not reduce the damages awarded to his wife since the latter damages are separate and distinct from those suffered by her husband. In addition, the non-imputation of negligence rule is a recognition that a woman does not lose her individuality when she marries—she is not deemed negligent just because she is married to a negligent man. *Wright, supra.*

"The court finds that Shirley Wichner has been damaged in the sum of $40,-000.00 based on loss of consortium with her husband, Felix Wichner. Judgment will be rendered in favor of Shirley Wichner against both defendants in the sum of $40,000.00."

## STIPULATION

The above is stipulated and agreed to, this September 16, 1987.

/s/ Lester F. Sumners
Lester F. Sumners
SUMNERS, CARTER,
TROUT & McMILLIN, P.A.
Attorneys at Law
P.O. Drawer 730
New Albany, MS 38652
(601) 534–6326
ATTORNEYS FOR
APPELLANTS

/s/ Roy O. Parker, Jr.
Roy O. Parker
Roy O. Parker and
Associates
P.O. Box 92
Tupelo, MS 38801
(601) 842–4112