# IN THE COURT OF APPEALS
# OF THE
# STATE OF MISSISSIPPI

## NO. 97-CA-00536-COA

**ROBERT S. BYARS AND SARA BYARS**                                   **APPELLANTS**

**v.**

**MOORE PLANTING COMPANY, INC.**                                     **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/27/97 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | FRANK J. DANTONE, JR. |
| | ROBBIE D. FISHER |
| ATTORNEY FOR APPELLEE: | H. GRAY LAIRD III |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | JUDGMENT FOR APPELLANTS, JOINTLY, AS TO ALL CLAIMS IN THE AMOUNT OF $7,500 |
| DISPOSITION: | REVERSED AND REMANDED - 02/23/1999 |
| MOTION FOR REHEARING FILED: | 3/24/99 |
| CERTIORARI FILED: | 6/22/99 |
| MANDATE ISSUED: | |

BEFORE McMILLIN, P.J., DIAZ, AND PAYNE, JJ.

PAYNE, J., FOR THE COURT:

## PROCEDURAL POSTURE AND ISSUES PRESENTED

¶1. This case is before the Court on appeal from a judgment entered following a jury trial in favor of Robert and Sara Byars, by the Circuit Court of Claiborne County, the Honorable Lamar Pickard, presiding. Following the trial, the circuit judge overruled the Byars's motion for a JNOV. Feeling aggrieved, Robert and Sara timely filed this appeal raising the following three issues:

## I. WHETHER THE APPARENT OMISSION OF DAMAGES AWARDED TO ONE OF THE PLAINTIFFS WARRANTS REVERSAL AND THE GRANTING OF A NEW TRIAL

## II. WHETHER THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE

## III. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT A NEW TRIAL ON THE ISSUE OF DAMAGES

¶2. After reviewing the record and applicable precedents, we reverse and remand as to Issue I as set forth below. Accordingly, we do not reach Issue II or Issue III.

### FACTS

¶3. Robert Byars sought damages for personal injuries received in an automobile accident involving a truck owned by Moore Planting Co., Inc. In the same action, as is common practice, Sara Byars sought damages for loss of consortium due to her husband's injuries. During the course of the trial, Moore Planting raised the issue of Robert's own negligence in operating his vehicle and asked the trial court to instruct the jury on the principles of comparative negligence. The trial court granted Moore Planting's request, and the jury returned their handwritten verdict as follows:

> We, the jury, find both parties equally negligence and assess the Plaintiff's damages at $15,000 total x 50% = $7500.00.

The trial court entered judgment accordingly. Robert and Sara sought relief from the trial court in their motion for JNOV. However, the trial judge overruled that motion, and this appeal followed.

### ANALYSIS AND DISCUSSION OF LAW

### I. WHETHER THE APPARENT OMISSION OF DAMAGES AWARDED TO ONE OF THE PLAINTIFFS WARRANTS REVERSAL AND THE GRANTING OF A NEW TRIAL

¶4. As their first assignment of error, Robert and Sara allege that the form of the verdict returned by the jury was unclear as to which plaintiff received the benefit of the jury's verdict. We find this assignment of error to be meritorious. Accordingly, we reverse and remand for a new trial in this matter.

¶5. It is well-settled that this Court assumes that jurors follow the instructions of the trial court. *Singing River Mall, Co. v. Mark Fields, Inc.*, 599 So. 2d 938, 943 (Miss. 1992); *Parker v. Jones County Comm. Hosp.*, 549 So. 2d 443, 445 (Miss. 1989); *Dabbs v. Richardson*, 137 Miss. 789, 807, 102 So. 769, 771 (1925). However, where it is evident, as in the case *sub judice*, that the jury did not abide by the instructions given by the trial judge and injustice results, it is left to us to intervene. The jury verdict was vague and incomplete, and it is necessary for us to correct this plain error by ordering a new trial for a determination of which plaintiff recovered damages.

¶6. In the case *sub judice*, Court Instruction #1 unequivocally required the jury to return a verdict as to *each* plaintiff in this case:

> When any nine of you agree on a verdict, it may be returned as the verdict of the entire jury. In that event, your verdict need not be signed, should be written on a separate sheet of paper and may be in

either of the following forms:

If you find for the Plaintiff, Robert S. Byars:

"We the jury find for the Plaintiff, Robert S. Byars, and assess his damages at $_____."

If you also find for the Plaintiff, Sara Byars:

"We the jury find for the Plaintiff, Sara Byars, and assess her damages at

$_____."

If you find for the Defendant, Moore Planting Company:

"We the jury find for the Defendant."

Do not write anything on the instructions of the Court.

As set forth above, the jury's verdict read as follows:

We, the jury, find both parties equally negligence and assess the Plaintiff's damages at $15,000 total x 50% = $7500.00.

The obvious question is which plaintiff recovered-an important question to which the jury did not provide any guidance. It is plainly unclear. Sara's loss of consortium claim was a separate and distinct claim from Robert's claim for personal injuries. Sara was not in the vehicle and could not, as a matter of law, have been 50% negligent in her claim. As the driver of his vehicle, Robert could have been 50% negligent; however, since the jury did not follow the trial court's instructions to specify their verdict as to each plaintiff, we do not know the answer to this question. At first blush, we may appear to be tinkering with the hyper-technical. However, a more careful review of each claim presented reveals the gross lack of clarity in this verdict. This lack of clarity creates a plain error that should have been corrected by the trial judge *sua sponte* upon his discovery that the jury had not followed his specific instructions to return verdicts as to each plaintiff. The Mississippi Code places the responsibility of raising non-responsive errors in the jury's verdict squarely with the trial judge: "[i]f the verdict is not responsive to the issue submitted to the jury, the court shall call their attention thereto and send them back for further deliberation." Miss. Code Ann. § 11-7-161 (Supp. 1998).

¶7. Simply stated, the jury failed in its duty to follow the very specific instructions of the trial court with regard to the form of their verdict, and the trial judge failed in his duty of insuring that the jury complied with his instructions. The panel did not identify which plaintiff they found for in this case or which claim they decided.[1] As an appellate court, we cannot assume the jury's intentions, as the appellee would have us do. Rather, we are bound by the jury's verdict as set forth by them. Plainly, the verdict returned by the jury in this case was not responsive to the instructions of the trial judge, and the trial court had no means of determining which claim was decided in this case. We observe that in the transcript, it is noted that the verdict was inadvertently read without the court reporter being present. However, according to the transcript, the verdict was for one plaintiff in the amount of $15,000.

¶8. The Mississippi Supreme Court has established that jury verdicts must be an "intelligent answer to the

issues submitted to the jury and expressed so that the intent of the jury can be understood by the court." *Mizell v. Cauthen*, 251 Miss. 418, 429, 169 So. 2d 814, 818 (1964). The form of the verdict in this case was not presented in a manner consistent with Court Instruction #1 or in a way that the trial judge could have possibly understood the jury's intent; therefore, plain error results and reversal is warranted.

**¶9. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST THE APPELLEE.**

**BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, IRVING, KING, AND LEE, JJ., CONCUR. McMILLIN, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, J.**

McMILLIN, P.J., DISSENTING:

¶10. I respectfully dissent. Though the judgment in this case is certainly less than an ideal resolution of the legal issues, I believe that the jury's verdict was as responsive as could reasonably be expected in view of the manner in which the jury was instructed. There are defects in the form of the verdict, but it would be my view that the defects arose because the jury followed flawed instructions - instructions authored by the plaintiffs - and not because the jury failed to properly heed the instructions.

¶11. First of all, I think the majority errs when it finds that the verdict was returned for only one of the plaintiffs. The sole reason advanced to support that conclusion is that the singular possessive was used by the jury to assess "the *Plaintiff's* damages at $15,000." The majority places entirely too much emphasis on some unknown juror's punctuation skills when it assumes that this verdict represented a verdict of $15,000 for one plaintiff and a defendant's verdict as to the other plaintiff, so that the sole problem is that the jury forgot to say which plaintiff it was finding for. That, on its face, is a logically indefensible stance. If the jury was, in fact, attempting to return a verdict for only one plaintiff, it is beyond dispute that the fortunate plaintiff would have to be Mr. Byars, since his wife's loss of consortium claim is purely derivative, depending for its very existence on some measurable injury to her husband. *Choctaw, Inc. v. Wichner,* 521 So. 2d 878, 881 (Miss. 1988). Thus, if Mr. Byars incurred no compensable injury, it would be impossible for his wife to have suffered a loss of consortium and a verdict to that effect would be nonsensical.

¶12. It is evident that the jury's verdict was a joint verdict in favor of both plaintiffs. Even plaintiffs' counsel understood the verdict in this way, since, when he drafted a proposed judgment based on the verdict, he corrected the jury's punctuation error to indicate that "the *Plaintiffs'* damages" were set at $15,000. The trial court, by entering the judgment in that form, effectively reformed the jury's verdict to reflect what all involved understood the jury's verdict to be.

¶13. That is not to say that the jury verdict, even as reformed by the trial court, was free of defects. It was improper as a matter of law for the jury to combine these plaintiffs' separate claims for damages into one award. It is also true that the verdict does not conform to the "form of the verdict" instruction initially given the jury that required the jury to return separate verdicts as to Robert Byars and Sara Byars.

¶14. However, besides the question of the defendant's negligence in this case, there was the additional question of Mr. Byars's possible contributory negligence. The "form of the verdict" instruction that required separate verdicts for each plaintiff told the jury nothing of how to proceed if it found that Mr. Byars was, in fact, contributorily negligent in the accident. The issue of contributory negligence was covered in a separate instruction - one drafted by the plaintiffs and given by the trial court in exactly the form it was requested. This instruction told the jury that, if it found Robert Byars was contributorily negligent, the jury must

first determine *that sum of money which will fairly and adequately compensate* Robert Byars and Sara Byars, plaintiffs, for said injuries and damages, and then reduce *this sum* in proportion to the causal negligence of Robert Byars . . . .

¶15. The instruction then required the jury to first apply Robert Byars's percentage of negligence to "*the sum* of money you determined as **plaintiff's** (sic) damages," then subtract the result "from *the sum* you first determined to be Robert Byars' and Sara Byars', plaintiffs' damages," and, finally, "return a verdict *for that amount* for Robert Byars and Sara Byars, plaintiffs."

¶16. In my view, the jury, having determined that Robert Byars was, in fact, contributorily negligent, acted within the framework of the instructions it received when it disregarded the initial "form of the verdict" instruction and fashioned its verdict by following - essentially to the letter - the plaintiffs' own contributory negligence instruction. The fact that this instruction was poorly drafted and incorrectly suggested that the jury ought to return one "sum of money" as damages for both plaintiffs, rather than two separate amounts, is a failure that may be laid directly at the plaintiffs' door. The verdict was entirely responsive to this comparative negligence instruction.

¶17. By reforming the verdict to correct one juror's evident misapplication of the rules of punctuation (a misapplication that may, in fact, have been caused by the plaintiffs' own punctuation error highlighted above in bold letters), the trial court cured any possible claim that the verdict was unresponsive to the instructions. The fact that the instruction incorrectly stated the law is an entirely different issue that is not before this Court for decision, and I would not find plain error in an admittedly defective jury instruction that was drafted by the very parties seeking to take advantage of the defect.

¶18. In the final analysis, the only real fault in the verdict is that it fails to distinguish as to what part of the verdict constitutes Robert Byars's damages and what part constitutes the separate loss of consortium damages of his wife, Sara Byars. That is a problem traceable directly to the form of the plaintiffs' own comparative negligence instruction. Having created the problem, they should be left to live with the consequences of it.

¶19. If these two plaintiffs are unable to agree on a fair division of the judgment between themselves, that is a dispute to be resolved in the proper forum, but it is of no concern to Moore Planting Company. There is no basis, on the strength of the plaintiffs' own failure to draft a comparative negligence instruction that accurately informed the jury of its duty, to permit them a second bite at the apple of damages.

¶20. Because the majority, by reversing on this point, does not address the other issues raised by Mr. and Mrs. Byars in this appeal, I will not discuss them in this dissent beyond saying that, having examined them, I find them to be as equally without merit as the issue on which the majority reverses.

¶21. I would affirm the judgment.

**SOUTHWICK, J., JOINS THIS SEPARATE OPINION.**

1. We note that the trial court's instructions, as a whole, were less than helpful and may have contributed to the form of the verdict returned in this case. In some instructions, references were made to Robert and Sara jointly while in others reference to them was made individually.